## READ v. HOWE.

1. APPOINTMENT OF ADMINISTRATORS. The Probate Court may appoint one or more administrators of an estate, and an appointment of an additional administrator, against the protests of the one first appointed, will not be disturbed when it does not appear that the court has abused its discretion in making such appointment.

2. AGREEMENT OF SEPARATION. An agreement of separation does not dissolve the marital relation of the parties, nor divest the wife of the first right to administer upon the estate of the husband.

*Appeal from Black Hawk District Court.*

WEDNESDAY, APRIL 9.

THE facts are fully stated in the opinion of the court.

*Brainard & McClure* for the appellant.

Read v. Howe.

The appellee had no interest in the estate of her husband, and was not entitled to administration. The deed of separation operated as an entire and complete relinquishment of all rights or interest she could have in the estate of her husband. *Baker* v. *Barney*, 8 John. R. 72 ; *Fenner* v. *Lewis*, 10 Id. 38; *Beach* v. *Beach*, 2 Hill, 260 ; *Hutton* v. *Duay*, 3 Barb. 100 ; *Carter* v. *Carter*, 14 S. & M. 59; *Wood* v. *Warden*, 20 Ohio, 518 ; *Kinman* v. *Daniel*, 13 B. Monr. 496 ; Bright Hus. & W. 313 ; *Charles* v. *Charles*, 8 Grattan, 486 ; *Barrow* v. *Barrow*, 24 Verm. 375.

*W. T. Barker*, for the appellee, relied upon § 2343, Revision of 1860 ; *Parham* v. *Parham*, 6 Humph. 287 ; *Watkins* v. *Watkins*, 7 Yerg. 283.

LOWE, J. — In August, 1859, Prescott H. Read died intestate. C. K. Howe was appointed his administrator. In September following, application was made to the county judge of Black Hawk County, by the surviving widow of the deceased, for letters of administration, based upon what was claimed to be a precedent right under the statute to administer. The estate was represented to be worth $20,000. The application was resisted by Howe, the previously appointed administrator, mainly upon the ground that the applicant had no interest whatever in the assets and property of the estate, having, by articles of separation, entered into with the deceased, on the 18th day of October, 1858, in the county of McHenry, State of Illinois, relinquished, for the consideration therein named, all right of support and maintenance, and all interest by way of alimony, dower or otherwise, in or to any personal or real estate of which the said Preston H. Read was then or might thereafter be seised or possessed of. The applicant replied, that the contract specified was contrary to the policy of the law, and void ; that it was obtained through

duress, and had been disregarded and violated by the deceased in his lifetime.

Upon hearing, the County Court deemed it advisable, under the circumstances, to appoint the applicant an executrix, in conjunction with the said Howe. Upon an appeal to the District Court, this decision was affirmed, and we see no sufficient reason for changing the order, now that the matter is brought before us. The power to appoint more than one executor is clearly given in the statute. There is no showing in the record that the judge of probate has abused his discretion in the premises. There is nothing to show that Mr. Howe is a relative or a creditor, or that he has any superior claim to administration over Mrs. Read, even supposing the contract of separation a valid one, — a question upon which we should forbear now to express any opinion, for the reason that we can readily conceive how very important rights may turn upon that very question.

What provision of the statute has been violated by this appointment has not been shown, nor in what the irregularity consists, except the alleged reason that she has no interest whatever in the estate. If that be true, still, from all we can discover in the record, she stands upon an equal footing with Mr. Howe. He claims no precedence as a preferred executor under the statute, and if he does not like the companionship of Mrs. Reed in the administration, it is his privilege to throw up his commission and retire. On the other hand, whatever may be said touching the validity of the articles of separation in this case, it cannot be claimed that they had the effect to dissolve the marital relations of the parties, and that after all, at the death of Mr. Read, his wife was in law his widow, and, as such, technically had the first right to administer upon the estate. And as this right does not seem to be limited or qualified in any way by the statute we do not see why she has not as good ground

to complain of being associated with a stranger in the administration, as this stranger has with her.

Affirmed.