## LEWIS M. PHILLIPS

*v.*

## MORRIS MEYERS.

| 82    67|
|111a  ³345|

1. CONSIDERATION—*agreement of wife to return to her husband.* Where a wife had separated from her husband for drunkenness and ill-treatment, and brought suit for a divorce, the dismissal of the suit and her agreement to live with him, which is done, is a sufficient consideration for a promissory note given by the husband to a third person for the use of the wife.

2. SAME—*duty of husband to support wife, a good consideration.* A husband being under a legal obligation to support his wife, an agreement on his part to pay money to a trustee for her use, without any promise or agreement on her part, will be binding on him, and is founded on a sufficient consideration.

3. HUSBAND AND WIFE—*settlement on wife binding.* The power of a husband to make a settlement of property or funds on his wife by the intervention of a trustee can not be questioned; and a settlement thus made can be questioned only by existing creditors of the husband. His obligation to support her, and the relation of the parties, furnish a sufficient consideration to support the same.

APPEAL from the Circuit Court of Washington county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. P. E. HOSMER, and Mr. L. M. PHILLIPS, for the appellant.

Mr. JAMES A. WATTS, Mr. GEORGE VERNOR, and Mr. W. S. FORMAN, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action in the court below on this promissory note:

"NASHVILLE, ILL., *Sept.* 18, 1872.

For value received, one day after I at any time become intoxicated, or drink, or mistreat or abuse Minnie Meyers, I promise to pay to L. M. Phillips the sum of $600, for the use of Minnie Meyers, with ten per cent interest from maturity until paid.

MORRIS MEYERS."

The declaration contained a number of counts, in each of which it was averred that defendant had done some one of the acts, upon the doing of which the note, by its terms, was to become payable.

Defendant filed a number of pleas. The fifth avers the contract sued on was executed and delivered without a good and valuable consideration, and given by defendant only for a promise of Minnie Meyers that she would live with him as she had done before, she being his wife. The other pleas were traversed, and plaintiff filed to the fifth plea this replication:

"That the consideration of the agreement sued on was not alone that Minnie Meyers, who was the wife of defendant, would live with her husband, the defendant, as she had formerly done, but the consideration of said agreement was this: The said defendant had been and was guilty of habitual drunkenness, and extreme and repeated cruelty towards his wife, Minnie Meyers, during the marriage relation, and a suit was pending for divorce, in favor of said Minnie Meyers, against said defendant, on account of his drunkenness and cruelty, in the circuit court of Washington county, Ill.; and in consideration that the said wife would and did dismiss her said suit for divorce, condone said causes of divorce, and return and live with defendant, and that he (defendant) would not get intoxicated or mistreat her, said wife, any more, he, said defendant, executed said agreement in declaration mentioned; and this plaintiff is ready to verify, wherefore, etc."

To this replication defendant demurred, the court held it bad, and rendered judgment for costs in favor of defendant, and plaintiff brings the record to this court and asks a reversal.

Does the plea present a defense, or, taking the facts as averred in the replication to be true, and their truth is admitted by the demurrer, was there a sufficient consideration to support the note? This is the question raised and discussed by the parties. As a general rule, husband and wife can not contract with each other in such a manner that a court of law will enforce their agreements. But equity has, in many

instances, enforced their agreements when equity and good conscience required it. But, as a general rule, such agreements have been rendered effective by being entered into with a trustee for the wife, who, upon a breach of the agreement by the husband, may sue either at law or in equity, as the nature of the contract may require.

It is believed that the power of a husband to make a settlement of property or funds on his wife by the intervention of a trustee, has never been questioned, and this may be done by a marriage settlement before marriage, or by deed to a trustee afterwards. When the settlement or advancement is thus made, as between the parties, it has always been held binding, and can only be questioned by existing creditors. Such settlements and advances have always been favored by the courts. A husband, being bound for the support of his wife, may undoubtedly make provision therefor by settlement or otherwise, and this obligation, and the relation of the parties, have ever been held to constitute a sufficient consideration to support the transaction, unless creditors are thereby injured or defrauded. The wife is regarded as a meritorious object of the bounty of the husband. Provisions for her support are always upheld, unless wrong or injury results to those holding legal obligations against the husband. In such cases, the duty to support forms a sufficient consideration.

The question of consideration, to support such provisions, has frequently arisen in Great Britain, in numerous cases, in contracts by husband and wife to separate and live apart, and have been sustained by the courts.

In the case of *Lord Rodney*, 2 East, 283, the doctrine was considered, the authorities reviewed, and it was held that the law had been long settled that such contracts were binding. It was held not to be repugnant to public policy, and that such agreements would be enforced. That was a case where a husband covenanted that, in case a separation should occur between him and his wife, a certain annuity and other funds should be paid to his wife. A separation did occur, and suit

was brought on the covenant, and a recovery had.   Numerous cases are referred to as sustaining the doctrine.

The case most nearly like this, in its facts, is *Nicholls* v. *Danvers*, 2 Vernon, 671.   That was a case of a note given " conditionally to the wife, to let her have 3000*l*, part of her mother's estate, for her separate use, in case he used her ill," and the contract was held binding, and was enforced by decree, on the husband having mistreated his wife.

Whilst our courts probably would not enforce contracts to live separate, still these cases show that the law regards them as being based on a sufficient consideration.   But in this case the consideration was not that the parties would live separately, but that they would live together.   They had separated; she had filed her bill for a divorce, and he may have supposed that she would obtain a decree of divorce, and for alimony, and to avoid these contingencies this agreement was made, the note given, and the suit was dismissed and the parties again lived together.   We do not have the shadow of a doubt that this formed a sufficient consideration to support the note, nor do we see in what manner it is immoral, or can be held to be opposed to sound public policy.   It does not provide that the parties shall live separately, but that they shall live together. Nor can he say that he violated any private or public duty in agreeing to remain sober, and to refrain from the abuse and mistreatment of the wife of his bosom, whom he had solemnly vowed he would "love, cherish and protect."   This was a moral; a legal and natural duty, that every instinct of a manly nature would prompt him to perform.   It was only necessary that he perform his duty as a husband, to have escaped the liability imposed by the note, which was previously binding, in morals, if not in law.   We think there can be no doubt that the consideration upon which the note was based was ample. ·

From what has been said, it will be seen that defendant's fifth plea presented no defense, and the demurrer to the replication should have been carried back and sustained to it.

Where husband and wife do not live together on good terms, and separate, we are clearly of opinion that an agreement on the part of the wife to return and live with the husband, would support an agreement with a trustee to pay money to him for the use of the wife. Or even such an agreement without any promise whatever, the duty of the husband to support the wife, as we have seen, being a sufficient consideration.

A majority of the court hold the court below erred in sustaining the demurrer to the replication to the fifth plea, and in not sustaining it to that plea. The judgment is reversed and the cause remanded.

*Judgment reversed.*