GARBUT *et al., Plaintiffs in Error,* v. BOWLING.

**Post-Nuptial Agreement, when Dower Barred by.** Post-nuptial agreements for separation, and for the separate maintenance of the wife, through the intervention of a trustee, are valid, and, where accepted by the wife in lieu of dower, will be held to bar her dower right.

*Error to Jackson Circuit Court.*—HON. S. H. WOODSON, Judge.

AFFIRMED.

*Rozzelle & Spiker* for plaintiffs in Error.

The court erred in overruling the demurrer. The second count of the answer is insufficient, for the following reasons : 1. Because it does not allege that the note was ever paid, but does state in substance, that it was not. 2. The deed of separation, upon which this defense was based, was absolutely void as to all parties and for all purposes, because contrary to public policy. The validity of such deeds is reluctantly upheld even in England, where the precedent was first established. *St. John v. St. John,* 11 Ves. 256; *Westmeath v. Westmeath,* 1 Jacobs Rep; 1 Dow & Cl. 544. They have been held absolutely void in this State. *Gonsolis v. Bouchouquette,* 1 Mo. 486, side p. 667; *Chouteau v. Bouchouquette,* 1 Mo. 478, side p. 670 ; *Collins v. Collins,* 1 Phil. Eq. (N. C.) 153; Schouler's Domestic Relations, pp. 294, 295. 3. A wife can only release her dower by joining in the deed of her husband. *Hogan v. Hogan,* 89 Ill. 427; *Frissell v. Rozier,* 19 Mo. 448; *Pillow v. Wade,* 31 Ark. 678; *Graham v. Van Wyckett,* 14 Barb. 531; *White v. Wager,* 25 N. Y. 328; *Sims v. Rickets,* 35 Ind. 191; 1 Wash. Real Prop., (4 Ed.) p. 252, § 18; Tyler on Infancy and Coverture, pp. 557, 558, § 404; 1 Maddock's Chancery, 307; *Carson v. Murray,* 3 Paige Ch. (N. Y.) 483, 503; *Townsend v. Townsend,* 2 Sand. 711; *Martin v. Martin,* 22 Ala. 103; *Miller v. Miller,* 1 Saxton's Ch. (N. J.) 386; *Switzer v. Switzer,* 26 Gratt. (Va.) 574. The release of dower by the wife to her husband, contained in the articles of separation, were not binding on her, and she is entitled to dower in his estate. *Guidet v. Brown,* 54 How. Pr. (N. Y.) 409; Bell on Husband and Wife, p. 529; 2 Scribner on Dower, p. 290, § 43; *Shroyer v. Nickell,* 55 Mo. 264; *Nichols v. Palmer,* 5 Day (Conn.) 47; *Malony v. Horan,* 49 N. Y. 111; *Parham v. Parham,* 6 Hump. (Tenn.) 296. The plaintiff, Sarah Garbut, cannot be estopped from claiming dower by any act during coverture. This could only

be done by a deed executed jointly with her husband to a third person. *McBeth v. Trabue*, 69 Mo. 642. Estoppel *in pais* will not operate against a married woman. *Hanlon v. Waterbury*, 31 Ind. 168; Tyler on Infancy and Coverture, *supra; Marion v. Smith*, 46 N. Y. 571. Plaintiff did not induce defendant to purchase the property by anything said or done, and it is not so alleged in the answer. One of the elements necessary to create an estoppel, is, therefore, wanting. *Rogers v. Marsh*, 73 Mo. 64; *Spurlock v. Spurlock*, 72 Mo. 503; *Malony v. Horan*, 12 Abb. Pr. (N. S.) 289; 1 Wash. Real Prop., p. 253, § 19. The alimony granted by the court was not designed to be in lieu of dower. *Hunt v. Thompson*, 61 Mo. 149; *Crane v. Cavana*, 62 Barb. 109; R. S., § 2198; Gen. St., p. 521, § 14.

*Comingo & Slover* for defendant in error.

From the fact that the widow has accepted and kept the jointure provided by the deed of separation on record, and has remained silent for nine years after her husband's death, she will be deemed to have elected to take the jointure, and is now estopped from claiming dower, especially as she makes no offer to surrender the provision made by deed of separation. She has thus, by her conduct, forfeited her right to elect or take under section 18 of the Dower Act. 1 Wash. Real Prop., side p. 265, § 11; *McCarty v. Teller*, 2 Paige Ch. 556; 2 Flint Real Prop., p. 197; *Vance v. Vance*, 21 Me. 364; Tyler Inf. and Cov., p. 563; *Frank v. Frank*, 3 Myt. and Cor. R. 171; *Loyd v. Loyd*, 4 Barb. 455; *Stoddart v. Con*, 41 Iowa 329; *Robertson v. Robertson*, 25 Iowa 350; *Lively v. Paschal*, 35 Ga. 218. When sections 18 and 19 of the Dower Act refer to the total or partial failure of jointure they contemplate a case where the jointure takes effect, as to possession and enjoyment by the widow upon the death of the husband, and at the time the dower act accrues, and not in cases like the one at bar. When the husband and wife enter into a post-nuptial agreement with

a view to a voluntary separation, whereby, for a considera-
tion which, in the light of all the circumstances of the parties
at the time the contract is made, is fair, reasonable and
just, the wife relinquishes all claims to dower in her hus-
band's estate, and the same is fully executed on the part of
the husband, the courts will uphold and enforce the contract
in equity, and bar the wife's dower. Tyler Inf. and Cov.,
469, 472, 580; *Miller v. Miller*, 16 Ohio St. 527; *Shelley v.
Folger*, 14 Ohio St. 610; *Logan v. Phillips*, 18 Mo. 22; 1
Wash. Real Prop., side p. 268, § 18; 2 Scribner Dower, top
p. 387, and p 396; *Johnson v. Johnson*, 23 Mo. 561.

EWING, C.—This is a suit to recover dower. Sarah
Garbut, wife of George Garbut, was married to James M.
Pool. Pool sued his wife for a divorce, charging adultery,
etc., and asked for the custody of his child. Sarah Pool,
now Sarah Garbut, answered, filed a cross-bill, and the
court gave her the custody of the child, and changed the
wife's name to Sarah Dixon, her maiden name. She then
married George Garbut. Afterwards Pool died intestate,
seized of an estate of inheritance in certain lands, and that
the defendant is in possession thereof, and prayed that
dower might be assigned her, etc. The defendant's answer
admitted the facts charged, and pleaded as a defense the
following contract in bar of the right to dower:

This agreement made and entered into, this 7th day of
July, 1860, between James M. Pool and his wife, Sarah
Pool, and John Kelley, trustee of said Sarah, all of the
county of Jackson, State of Missouri, whereas the said
James M. Pool and Sarah Pool, from various reasons and
causes, are unable longer to live together in as agreeable a
manner as husband and wife should, and to prevent further
disputes, difficulties and other disaffections in said marital
relations, have this day mutually agreed and covenanted,
and do by these presents mutually agree and covenant to
live separate and apart, and no longer to live together as
husband and wife, and as a part of said agreement, it is

further agreed by and between the parties, that in consideration of the premises, as well as in consideration of the sum of $1, and other matters hereinafter specified, the said James M. Pool hereby sells and conveys unto the said John Kelley, in trust, however, for the use and benefit of the said Sarah Pool, and such persons as she may designate by her will, if she choose to make one, the following personal property, to-wit: All the beds, bedding and bedsteads, household and kitchen furniture, table-ware and all other species and description of personal property, that the said Sarah Pool had and owned previous to her marriage with the said James M. Pool; also one cow and calf of the value of $25, to be selected from any of the lot that I now own, and the said James M. Pool further agrees upon the execution of this deed and agreement, that he will pay over to the said John Kelley, in trust as aforesaid, for the use of said Sarah, the sum of $100, the same to be delivered by said John Kelley, to said Sarah, or invested by him in such manner as she should think most conducive to her benefit and interest. And the said James M. Pool further agrees, upon the execution of this deed and agreement, to make, execute and deliver unto the said John Kelley, trustee as aforesaid, for the use and benefit of the said Sarah, his promissory note of even date, with this instrument, payable six months thereafter, in the sum of $400, with interest, at the rate of ten per cent. per annum, it being distinctly understood that the proceeds of said note, as well as the sum of money above specified, together with the property herein conveyed, are for the sole use and benefit of the said Sarah, to be applied as she thinks most conducive to her interest, and in consideration of the above property herein conveyed by the said James M. Pool, to and for the use and benefit of the said Sarah, his wife, and the said money to be paid as above provided to the said Sarah, and the said note to be executed, delivered *and paid according to the tenor and effect thereof,* as above provided, the said Sarah Pool, on her part, accepts the sum in lieu of any dower right she would be entitled to

in the property and estate of the said James M. Pool, at his decease, and hereby relinquishes all claims of whatever character and description to the estate, real, personal or mixed, which the said James M. Pool now has, or may have, and acquire in any manner whatsoever, and for the consideration aforesaid, she, the said Sarah Pool, further and entirely releases the said James M. Pool from all charges for the maintenance or support or debts of any kind that may be contracted by the said Sarah. It being the distinct and express understanding, that the said James M. Pool is in no wise to be held responsible for the debts or contracts of any kind that may be hereafter created by the said Sarah Pool, and that the said Sarah will pay all debts now in existence, if any, out of the funds above conveyed for her benefit, and in consideration of the agreement and stipulations hereinafter cited, specified and expressed, the said James M. Pool, and Sarah Pool, his wife, are to be, and by these presents covenant to be and to live separate and apart from this day henceforth and forever, and no longer to live together as husband and wife. The said Kelley aforesaid, on his part, agrees and hereby accepts the trust herein created for the benefit of the said Sarah Pool, wife of the said James M. Pool.

In testimony whereof, the said parties to this agreement have hereunto set their hands and seals this the day and year above written.

JAMES M. POOL, [seal.]
Her
SARAH x POOL, [seal.]
Mark.
JOHN KELLEY, [seal.]

Defendant answered further, and said that when Sarah Garbut obtained her divorce from Pool she had alimony for $500, that execution was issued and levied on the land defendant now owns and claims, which defendant bought from Pool, who, with the money, paid off the execution for alimony. That after Pool's death, his estate was finally administered in 1866, and certain sums were paid to the

said Sarah for the support of the child, etc., and, that the said Sarah is estopped from recovering dower.

Plaintiff demurred for that the answer did not state facts sufficient to constitute a cause of action, which was overruled and judgment for the defendant, whereupon the plaintiff in error brings the case here.

The law concerning deeds of separation and maintenance for the wife has been long settled in this country as well as in England. In *Carson v. Murray*, 3 Paige 483, Chancellor Walworth said: "It has, however, long since become the settled law in England, that a valid agreement for an immediate separation between a husband and wife, and for a separate allowance for her support, may be made through the medium of a trustee; and as many of the decisions which have gone the greatest length on this subject, took place previous to the revolution, they have been recognized here as settling the law in this State (New York) to the same extent." To the same effect is *Nichols v. Palmer*, 5 Day 47, wherein it was said, "contracts between the husband and some third person, for the separate maintainance of the wife, have the uniform sanction of the courts in England from the earliest period of their jurisprudence, * * Such being the common law of England, at the time our ancestors emigrated from that country, and such having been the usage in this country ever since, it ought now to be binding on our courts as the common law of the land." In *Hutton v. Duey*, 3 Barr (Penn.) 100, the articles were entered into without the intervention of a trustee, and the court upheld it after the death of the husband, as having been consummated. So in *Bettle v. Wilson*, 14 Ohio 257, and *Chapman v. Gray*, 8 Ga. 341, and *Reed v. Beazley*, 1 Black. 97, and *Magee v. Magee*, 67 Barb. 487; *Wells v. Stout*, 9 Cal. 479; Schouler on Husband and Wife, § 475; *Randall v. Randall*, 37 Mich. 563; *Fox v. Davis*, 113 Mass. 255; 52 Ga. 648; 82 Ill. 67; 13 Iowa 50, and in Maryland, Kentucky, North Carolina and South Carolina and Virginia.

The post-nuptial agreement for separation and separate maintenance of the wife, in this case comes fully within the rule laid down by the various authorities quoted, and must be upheld as a valid instrument for the purposes intended. This agreement contains this provision, also, that the said Sarah accepts the settlement "in lieu of any dower right she would be entitled to," etc., which, under sections 17, 18 and 19, 1 Wag. Stat. 541, and *Perry v. Perryman*, 19 Mo. 469, must be held to bar her dower right. Our conclusion is, therefore, that the judgment below must be affirmed, and it is so ordered. All concur, except Norton and Sherwood, JJ., absent.