Henry F. Ehlers, Appellant, v. Jennie M. Ehlers and Chicago Title & Trust Company, Trustee, Appellees.

## Gen. No. 33,844.

Heard in the third division of this court for the first district at the October term, 1929. FRIEND, J., not participating. Opinion filed October 29, 1930.

EDWARD A. ZIMMERMAN and ROBERT L. McDOUGAL, for appellant.

EWART HARRIS, for appellees.

MR. JUSTICE HEBEL delivered the opinion of the court.

The complainant, Henry F. Ehlers, filed his amended bill in the circuit court of Cook county to cancel and set aside a certain agreement by which the sum of $2,000 was deposited by him with the Chicago Title & Trust Company, to which amended bill the court sustained a demurrer and the complainant electing to stand by his amended bill, the trial court dismissed the bill for want of equity, from which decree the complainant perfected his appeal to this court.

The bill alleges in part that the complainant had been employed as a bookkeeper at a maximum salary of $275 per month; but by reason of his employer going out of business he lost his position and on account of his inexperience in the business world has been unable to obtain a position equally remunerative; that he had laid up a modest sum for the support of himself and wife, Jennie M. Ehlers, but which, due to her extravagance, was rapidly depreciated; that for more than five years prior to June, 1927, he had given the defendant a regular allowance of $170 per month, and in addition thereto paid all bills in connection with the maintenance of their home; that the defendant, Jennie M. Ehlers, is a woman of quarrelsome nature and unruly temper and had made false accusations against him and various threats upon his life; that for a short space of time it became necessary for him to live sep-

arate and apart from her; that she engaged the services of an attorney and through the attorney continued to make unreasonable demands, and on the 16th day of February, 1927, upon her demand and that of her attorney, complainant was induced to execute an agreement, in words and figures as follows:

"Chicago, February 16, 1927.

"Chicago Title and Trust Co.,
Chicago, Illinois.

"Gentlemen:

"I am depositing with you today the sum of Two Thousand ($2,000.00) Dollars with which amount you are directed to purchase an investment to be held upon the following conditions:

"During the lifetime of Jennie M. Ehlers you are to pay her the net income from the investments held hereunder, less your fees which are to be $25.00 per annum.

"Upon the death of either the said Jennie M. Ehlers or myself, you are to transfer and pay over the property held hereunder to the survivor of the said Jennie M. Ehlers and myself.

"In case either the said Jennie M. Ehlers or I shall file a bill for divorce or separate maintenance and the summons is issued thereunder, you are immediately thereupon to transfer and pay over all of the property held hereunder to the said Jennie M. Ehlers.

"Any or all of the property held hereunder may be withdrawn upon the joint written direction of the said Jennie M. Ehlers and myself.

"(Signed) Henry F. Ehlers.

"Approved:
Jennie M. Ehlers.

Receipt of $2,000.00 is acknowledged to be held upon the above terms and conditions.

CHICAGO TITLE AND TRUST COMPANY.

By M. A. James,
Asst. Trust Officer."

That immediately after the agreement was signed and the money deposited, Jennie M. Ehlers resumed her abuse and unreasonable demands for money and made threats that unless he paid her further sums beyond her regularly monthly allowance she would bring an action against him for separate maintenance or divorce and ask for the $2,000 deposited with the Chicago Title & Trust Company; that the demands having been refused, Jennie M. Ehlers then residing with him on May 8, 1927, filed a bill for separate maintenance falsely charging that she was compelled to cease cohabiting with him, which bill was afterwards dismissed. Complainant prays that the contract be canceled and set aside and decreed null and void, and that the trust company pay over whatever sum is found to be due complainant and for such other and further relief as equity shall require.

The demurrer to the bill sets up, in substance, that complainant has not stated such a cause of action as would entitle him to equitable relief; that the agreement sets up a provision for payment from the fund held by the trust company of an income to Jennie M. Ehlers, the wife of Henry F. Ehlers; that the agreement provides for the disposal of the fund by agreement of the parties and upon the death of either, which provisions are lawful; that the agreement is severable and the lawful provisions severable from the unlawful.

The complainant contends that the agreement, the subject of this controversy, is void as against the public policy of the State, in that it encourages divorce and separate maintenance and disturbs and interferes with the existing marriage relations; that the contract lacks consideration and is inequitable. There is no question but that a husband has the power to make a settlement of property or funds on his wife by a trust agreement, which may be done before marriage or afterwards. When it is so done, as between the parties, it has always been held to be binding, and can only be

questioned by creditors or third parties if injured or defrauded. A husband is bound to support his wife, and of course may make such provision therefor by contract. Such contract, because of the relations of the parties thereto, has always been held to constitute a sufficient consideration. In the case of *Phillips v. Meyers,* 82 Ill. 67, 69, the court having passed upon such a contract, says:

"The wife is regarded as a meritorious object of the bounty of the husband. Provisions for her support are always upheld, unless wrong or injury results to those holding legal obligations against the husband. In such cases, the duty to support forms a sufficient consideration."

The contract in question provides for a deposit of $2,000 with the Chicago Title & Trust Company, and it is directed to invest such sum, to be held on condition that the trust company during the lifetime of the defendant pay her the net income from the investment, and that upon the death of either the defendant or the complainant, to pay over the property to the survivor. The contract also provides that the property may be withdrawn upon the joint written direction of the complainant and the defendant. There can be no doubt that if these were the only provisions in the contract it would be an enforceable one, but it is earnestly insisted upon by the complainant that the following provision, "In case either the said Jennie M. Ehlers or I (meaning the complainant) shall file a bill for divorce or separate maintenance and the summons is issued thereunder, you (meaning the trust company) are immediately thereupon to transfer and pay over all of the property held hereunder to the said Jennie M. Ehlers." makes the contract void as against the public policy of this State, and is not divisible from the other provisions of this contract. This provision made by the complainant for his wife, the defendant,

that the income from the money deposited by the complainant shall be paid by the Trust Company under this agreement to the wife, and upon the death of either, to the survivor, is based upon sufficient consideration, and as said in the case of *Stratton v. Wilson,* 170 Ky. 61, "When an agreement founded on a legal consideration contains several promises or a promise to do several things, and some only of the things to be done are illegal, the promises which can be separated, or the promise so far as it can be separated, from the illegality, may be valid."

The consideration for the contract now under consideration was the meritorious object of the complainant to provide for his wife. That is clear, for the income from the fund is to be paid unto the defendant during her lifetime. That is one of the several things that the Trust Company must do. That being so, the provision is to be treated as a severable one from the provision that if either one of the parties to the contract shall file a bill for divorce or separate maintenance and summons is issued therefor, the Trust Company shall pay over all of the said property to the defendant. There is no serious question but that the provision is void. It is an inducement to a future separation that may or may not happen. The settled rule and policy of the law is to the effect that the marital state should not be disturbed, and that the parties to it should not be led into breaking its vows by the allurement of any stipulation they may enter into. *Stratton v. Wilson, supra.*

This provision may be disregarded, for the reason that it is a promise that is several and is not an essential part of the contract, the consideration of this contract being the payment by the Trust Company of the income to the wife, the defendant. *Stratton v. Wilson, supra; Venner v. Chicago City Ry. Co.,* 258 Ill. 523.

This contract is an executed one so far as the complainant and defendant are concerned, and it will be sustained in equity. The intent of the parties to the contract is that the defendant is to receive the income as fixed in the contract. Nothing remains to be done by the parties thereto, except that the trustee is to carry out each lawful provision of the contract, disregarding the provision that the Trust Company is to pay the sum deposited to the defendant upon a bill for divorce or separate maintenance being filed by one of the parties to the contract.

The trial court did not err in sustaining the demurrer, and upon the election of the complainant to stand by his amended bill, the decretal order dismissing the bill for want of equity is affirmed.

*Affirmed.*

Wilson, P. J. concurs.
Friend, J., not participating.