## In re Estate of Louis M. Sinclair.

### No. 45939.

June 16, 1942.

Stanley Mayer and E. C. Halbach, for appellant.

M. L. Sutton, for appellee.

WENNERSTRUM, J.—This appeal has arisen by reason of the petition filed by the appellant for the removal of the administrator of the estate of Louis M. Sinclair, deceased, who had been so appointed on the application of decedent's sister, who claimed to be a creditor of the estate. The petition of the appellant, who is the daughter of the decedent, was based on her claimed statutory preferred right to timely make application for the appointment of an administrator by reason of her status as "next

of kin." The appellee contends that the widow of the deceased had relinquished all her statutory right and claim upon decedent's estate by virtue of a postnuptial agreement and contends that this agreement included and waived the right given to her, as surviving spouse, by statute, to ask for the appointment of an administrator. It was further claimed that by reason of this agreement and waiver of the widow it was necessary for the daughter, as next of kin, to petition and secure the appointment of an administrator within the first 20 days after the burial of decedent, and that inasmuch as that 20-day period had elapsed when appellee was appointed the daughter cannot now complain. The appellant had made application, as previously stated, for the removal of the administrator originally appointed and asked for the appointment of a person of her own selection. The trial court, upon the submission of the appellant's petition, refused to remove the original appointee and to appoint the person requested by her. She has appealed.

Louis M. Sinclair died intestate on August 25, 1941, and was buried August 27, 1941. He was survived by his widow, Mary Sinclair, and a daughter, Esther Prescott. On September 20, 1941, which was 24 days after the burial of decedent, Florence Sinclair Taylor, his sister and a claimed creditor of the estate, filed her petition in the district court of Clinton county, Iowa, for the appointment of an administrator, and on that day Arthur B. Rathbun was appointed administrator of decedent's estate. On September 27, 1941, which would be 31 days after the burial of the decedent, Esther Prescott, the daughter and appellant herein, filed her petition for the appointment of an administrator of her own selection. On November 12, 1941, the appellant filed her petition to remove Arthur B. Rathbun as administrator, contending that, as next of kin, she had the right to ask for the removal of the administrator previously appointed and to have appointed a person of her own selection. The court denied appellant's petition for removal of the administrator, and consequently refused to appoint the person suggested in her petition.

The contentions of the appellee were to the effect that the widow had waived any right to the estate and her statutory right to make application for the appointment of an administra-

tor within the period allowed her by statute. It is therefore advisable that we set forth a portion of the postnuptial agreement which was entered into by the widow and decedent on October 9, 1939. This agreement was entered into subsequent to proceedings brought by the deceased for a divorce, in which proceedings, as shown by the record, a decree was denied decedent. The postnuptial agreement is, in part, as follows:

"AND WHEREAS, the said Louis M. Sinclair and Mary Sinclair intend by this agreement to divide their property equitably between themselves, and intend that as so divided, each shall surrender to the other all interest in the property so set apart to the other, and shall waive and surrender all right of inheritance and statutory rights which either may have in the property of the other by virtue of the laws of the State of Minnesota, and any and every other state upon the death of either of the said parties; * * *

"(2) That in consideration of the transfer to second party [the widow] of the foregoing personal property, the second party does hereby surrender to first party all claims and demands of every kind and nature which she may have against first party as his wife for maintenance and support, and does hereby release and discharge him on account thereof; and upon the death of the first party, does hereby release and discharge his estate from any and every right, claim and demand which she may have under the law of the state of his domicil by virtue of being his surviving spouse, hereby waiving and surrendering all statutory rights in and to his property and estate whatsoever; and second party does hereby accept the foregoing personal property in lieu of her statutory rights to inherit from first party, or to receive support from him."

By virtue of this agreement, a portion of which has been set forth, there was delivered to the then wife of the decedent certain personal property.

I. The particular Code sections that must receive consideration by reason of this appeal are sections 11883 and 11884 of the 1939 Code, which are as follows:

"11883 Administration granted. In other cases, where an executor is not appointed by will, administration shall be

granted to any suitable person or persons on the request and application of:

1. The surviving spouse.
2. The next of kin.
3. Creditors.
4. Any other person showing good grounds therefor.''

"11884 Time allowed. To each of the above classes, in succession, a period of twenty days, commencing with the burial of the deceased, is allowed within which to apply for administration.''

In the case of In re Estate of Rugh, 211 Iowa 722, 726, 234 N. W. 278, 279, there is set forth the historical development of the enactment of the present Code section 11883, and it is therein noted that the present statute provides:

" * * * administration shall be granted to any suitable person or persons on the request and application of: * * *
2. The next of kin.''

It will thus be observed that the statute provides that administration "shall be granted to any suitable person or persons on the request and application of * * * the next of kin.''

The question is then presented as to whether or not the application as made by the daughter, who is "the next of kin" in this case, for the appointment of an administrator, was timely made, and whether or not the agreement entered into by the wife with the decedent prior to his death constituted a waiver of the wife's right, if she had so elected, to make application for the appointment of an administrator.

II. In this case the effect of the agreement and the rights of the surviving spouse were undetermined and may be said to have been uncertain or doubtful. But the widow's right to apply for administration during the first 20-day period had not been clearly lost.

In the language of In re Estate of Ferguson, 179 Iowa 1208, 1213, 162 N. W. 775, 777, it is stated:

"The right to apply for a thing [administration] does not necessarily involve a right to receive on application the thing applied for.''

1324

Although in this case the right of the widow to preference in administration may be ultimately held to have been lost, she had the right to apply during the first 20-day period. Hence, the preferred period for application by the next of kin was the second 20 days.

■ III. Section 11884 provides that "To each of the above classes, [referred to in section 11883] in succession, a period of twenty days, commencing with the burial of the deceased, is allowed within which to apply for administration." Under the present circumstances the first 20 days would be given to the surviving spouse, who, in this case, is the widow. The next period of 20 days is given to the next of kin, who shall have that period of time in which to petition for the appointment of any suitable person to act as administrator. In the present case the daughter, the next of kin, sought to have the administration granted to a person suggested by her within the second period of 20 days.

■ The appointment made on the application of the sister of decedent, who was a claimed creditor, was within the period that should have been restricted to the next of kin. We hold that this appointment was improperly made, that the application for the removal of the administrator and the appointment of the person suggested by the daughter should be made, provided the court finds that said suggested person is suitable to administer the estate.

By reason of our comments and conclusions here announced, it is our holding that the trial court should be, and it is, reversed.—Reversed.

All JUSTICES concur.