IN RE ESTATE OF ROBERT LOUIS QUINN.

No. 48071.

(Reported in 55 N.W.2d 172)

OCTOBER 14, 1952.

Louis J. Kehoe, of Washington, and A. C. Cahill of Messer, Hamilton, Cahill & Bartley, of Iowa City, for appellants.

John C. Owen, of Washington, for appellee Florence J. Quinn.

Edmund D. Morrison, Jr., of Washington, for appellee Lee A. Holland.

THOMPSON, J.—Robert Louis Quinn, a resident of Washington County, Iowa, died intestate on December 24, 1951. He left an estate valued at about $70,000. The appellant, James L. Quinn, a son, and Jean Q. Mooney, a daughter, both adults, survived as his next of kin. The appellee, Florence J. Quinn, is his surviving spouse.

Decedent was buried on December 26, 1951, and on the same day Jean Q. Mooney executed an application praying the appointment of her brother, the appellant herein, as administrator of their father's estate. On December 27, 1951, the clerk of the Washington County District Court made the appointment as prayed and James L. Quinn duly qualified. On December 31 thereafter, Florence J. Quinn filed her application in two divisions, the first praying the removal of James L. Quinn as administrator, and the second asking the appointment of one, Geo. J. Breitenbach. By an amendment filed on January 3, 1952, she asked that, if Breitenbach should not be appointed, L. A. Holland be named to the place. Upon trial the court entered an order removing James L. Quinn and appointing L. A. Holland as administrator, and it is from this ruling and judgment the present appeal is taken.

I. This case presents a familiar pattern—a contest between the second wife and the children of the first. Florence J. Quinn and the decedent were married on December 23, 1946. Their married life shortly became discordant and on August 8, 1949, appellee left the family home and removed to California where she had an adult son by a previous marriage. She remained there at all times, separated from her husband, until his death,

except that she returned to Iowa about March of 1951 to take part in a divorce action brought against her by the decedent, and in which she cross-petitioned, also praying for a divorce. Upon trial both petition and cross-petition were dismissed, apparently because of lack of sustaining proof. The appellee thereupon returned to California and remained until she learned of her husband's death. In the meantime Robert Louis Quinn had commenced another divorce action against her, bottomed upon a charge of desertion, and this suit was pending at the time of his death, which resulted from an automobile accident.

Section 633.39 of the 1950 Code of Iowa says:

"In other cases, where an executor is not appointed by will, administration shall be granted to any suitable person or persons on the request and application of:

"1.  The surviving spouse.

"2.  The next of kin.

"3.  Creditors.

"4.  Any other person showing good grounds therefor."

This is followed by section 633.40: "To each of the above classes, in succession, a period of twenty days, commencing with the burial of the deceased, is allowed within which to apply for administration."

It would seem to be clear from the foregoing that the appellee, as surviving spouse, had the first right for a period of twenty days following the burial of decedent to apply for and to receive a grant of administration. Of course she must have been mentally competent to make such application (see In re Estate of Ferguson, 179 Iowa 1208, 162 N.W. 775), and the appointee proposed must have been found to be properly qualified and competent to act. The Estate of O'Brien, 63 Iowa 622, 19 N.W. 797; In re Estate of Van Vleck, 123 Iowa 89, 98 N.W. 557. But neither the mental capacity of Florence J. Quinn nor the competency of L. A. Holland to act is questioned here. It is true some complaint is made by appellant because during the hearing, while Mr. Holland was on the witness stand, he said he would not be available to act, and appellant's counsel think they were thereby misled into refraining from going further into

his qualifications. But we must assume the trial court satisfied himself of the suitability of the appointment and the fitness of the appointee, and we find nothing to indicate the court abused its discretion in so doing. In fact, it appears that at one time appellant's counsel had approached Mr. Holland to inquire if he would be willing to accept an appointment.

Appellant's major complaint is that because appellee left decedent's home and remained away, because she had not lived with him as his wife for some years before his death, and because the marriage relation had been terminated for all practical purposes, leaving only a technical bond between the parties, appellee was not, at the time of the death of Robert Louis Quinn, his surviving spouse within the meaning of sections 633.39 and 633.40 above set out. With this we are unable to agree. The statute does not attempt to say that certain conduct of a husband or wife may take away his, or her, status as a "surviving spouse" upon the death of the other. Appellant cites, in support of his contention, this from 21 Am. Jur., Executors and Administrators, section 63, page 409:

"If one spouse deserts the other and renounces all conjugal intercourse for a considerable time prior to such other spouse's death, the former is not, as a rule, entitled to administer upon the estate of the other, nor is he or she in a position to object to the granting of administration to others."

The language seems to support appellant's position, but the note reference in the American Jurisprudence text gives only two Pennsylvania cases, the latest decided in 1878. We are not given the wording of the Pennsylvania statute at the time, and are not inclined to give weight to the cases in any event. Other cases cited by appellant are not in point.

The same section, page, and volume of American Jurisprudence above referred to indicate that it is only a final divorce which will take away the wife's right to administer her husband's estate. We hold that such is the rule in Iowa. We so determined in the early case of Read v. Howe, 13 Iowa 50, 52. There a separation agreement had been executed by the parties, after which the husband died. We said that whether the articles of separation were valid or otherwise they did not dissolve the mar-

riage relation and "at the death of Mr. Read, his wife was in law his widow, and, as such, technically had the first right to administer upon the estate." To the same effect is In re Estate of Sinclair, 231 Iowa 1320, 1323, 1324, 4 N.W.2d 237.

■ The holding contended for by appellant would, in many cases such as this, convert the probate court into a divorce tribunal. It would compel it to determine whether the surviving spouse had been at fault in causing the marital difficulties and separation, and the degree of the wrongdoing. Thus, in the case before us, the question of whether the appellee left the decedent without reasonable cause would require determination. We are sure that the legislature did not intend any such result. When the surviving spouse makes proper application for administration within the allotted twenty-day period the sole tests should be: (1) Did the marriage relation exist at the time of the death of decedent; (2) is the applicant mentally competent to make and understand the application; (3) has he, or she, lost or abandoned the right by contract; and (4) is the appointee proposed suitable and qualified within the legal discretion of the court to so determine? We think the application of the appellee, Florence J. Quinn, met these conditions, and the court acted properly in sustaining it as to both divisions. It would have been error not to do so. The court had no discretion in the matter of granting appellee the rights given her by the statutes.

■ II. Appellant also challenges the procedure adopted for his removal as administrator of his father's estate. Here we are cited to sections 638.29, 638.30 and 638.31 of the 1950 Code. These are the sections outlining the provisions for removal of an administrator after his appointment, and since appellant had been appointed by the clerk of the court and had qualified he thinks that this procedure should have been followed in his case. These sections do not apply to the matter of an administrator who has procured his appointment in derogation of the rights of a member of a class entitled to preference. They are intended to give a means for relief under the conditions and for the causes set out in section 638.29, but they do not touch the situation here.

Nor in any event would the sections above referred to apply

in this case. The appointment was made by the clerk. His powers, including that of appointment of administrators, are defined by section 632.1. Paragraph 1 of this section gives him the right to appoint resident administrators. Section 632.3 provides: "Any person aggrieved by any order made or entered by the clerk, under the powers conferred in section 632.1, may have the same reviewed in court, on motion filed at the next term and not afterwards * * *."

This was substantially the procedure adopted by appellee here.

Other matters urged by appellant are ruled by the foregoing discussion or are without substantial merit.—Affirmed.

All JUSTICES concur.