IN RE ESTATE OF ROBERT LOUIS QUINN.

FLORENCE J. QUINN, appellee, JAMES L. QUINN et al., appellants.

No. 48081.

(Reported in 55 N.W.2d 175)

OCTOBER 14, 1952.

Messer, Hamilton, Cahill & Bartley, of Iowa City, and L. J. Kehoe, of Washington, for appellants.

John C. Owen, of Washington, for appellee.

THOMPSON, J.—This case represents another controversy in the estate of Robert Louis Quinn and is a companion to No. 48071, 243 Iowa 1266, 55 N.W.2d 172. The facts are identical and may be found in the opinion in the above-numbered case.

The litigation here grows out of an application for a widow's allowance made by Florence J. Quinn, the surviving spouse of Robert Louis Quinn. James L. Quinn and Jean Q. Mooney, children of Robert Louis Quinn and sole heirs-at-law, filed a resistance, alleging first, that Florence J. Quinn is not the surviving spouse or widow within the meaning and intent of section 635.12 of the 1950 Code; and second, that the said Florence J. Quinn is not entitled to an allowance under the terms and conditions of said section in that she cannot establish that her position and condition entitle her to the relief asked.

The application for allowance alleged the value of the estate as being at least $75,000, with debts of about $7600; that the applicant, Florence J. Quinn, had no property of her own of any kind; that she was fifty-three years of age, not skilled in any profession or trade; that she had been working in a rest home for $150 per month, less taxes, and that she had been compelled to borrow money to return from California to Washington, Iowa.

We do not understand that these allegations are controverted. It is appellants' contention the appellee was not at the time of the death of Robert Louis Quinn his widow within the meaning of section 635.12, the Code section which provides for allowances to a surviving widow for her support for the period of administration, not exceeding twelve months. This is said to be because she had left him in August 1949 and had not lived with him from that date until his death, on December 24, 1951.

Appellants assume this desertion was wrongful, that Florence J. Quinn had abandoned the duties and responsibilities of the marital relation without just cause, and they refer to her as an "adventuress whose only interest in marriage was and is to capitalize on the empty title she enjoyed at the time of decedent's death."

We agree with appellants that it is the duty of this court to construe the statutes of Iowa in order to determine the disclosed meaning and intent of the legislature. But, in so construing section 635.12, we find nothing to support their contention. There is no evidence that appellee's cessation of marital relations with decedent, her leaving of the family home, was without reasonable cause. The divorce action brought by decedent upon the ground of desertion was still pending, untried, at the time of his death. What showing appellee might have made therein we do not know; and in any event we are clear that it was not incumbent upon the probate court to determine it. We said in Caldwell v. Caldwell, 192 Iowa 1157, 1160, 186 N.W. 58, 60: "To determine such question would be practically trying a divorce suit between these parties after one of them is dead. We are not disposed to do that."

It is our conclusion that the statute expresses no legislative intent that the merits of matters pertaining peculiarly to the divorce court should be inquired into upon applications for widow's allowances.

The question has been determined adversely to appellants' theory in Veeder v. Veeder, 195 Iowa 587, 597, 598, 192 N.W. 409, 29 A. L. R. 191. The first division of the opinion in this case was concerned with a partition suit brought by the widow; and here, following York v. Ferner, 59 Iowa 487, 13 N.W. 630,

this court inquired into the question of the merits of the wife's desertion of the husband, and, finding that she had not fulfilled her marital duties but had left him without good cause, we held she could not recover under the terms of an antenuptial contract, upon which her action was based. The holding is that she had herself breached the contract and so was not entitled to its benefits. But in the same case—Veeder v. Veeder, supra—although it was held in Division I the widow's desertion was wrongful, it is held in Division II that she was entitled to a widow's allowance. This amounts to a flat determination, of course, that the question of the allowance is not to be decided by a consideration of the merits of the widow's conduct during the married life of the parties. We agree with this conclusion.

Appellants further argue that, no allowance should have been made because appellee had not been living with decedent, nor supported by him, for some time prior to his death. They quote from In re Estate of McClellan, 187 Iowa 866, 868, 174 N.W. 691, 692, where we said: "The statute contemplates that such an allowance will be made as will be sufficient to support the surviving widow for a period of twelve months in the position occupied by herself and husband, and in keeping with the manner in which the family lived prior to the husband's death."

The sole question in the McClellan case was the amount of the allowance, and the language above-quoted is not in point here. We have pointed out that there is no showing that appellee's removal from the family home was without good cause, and that it was not a proper subject of inquiry. We think she was entitled to a widow's allowance under the statute.

No question is raised as to the amount of the allowance, and in any event it is a question for determination by the probate court, within its legal discretion. In re Estate of McClellan, supra, and cases cited. No abuse of discretion appears here. The allowance was reasonable, under the showing made. —Affirmed.

All JUSTICES concur.