BERTHA SMITH, by Her Next Friend, v. HUBERT DAWLEY, Appellant.

Evidence: Res Gestae. Declarations of a child as to being assaulted, made soon after, and while it was crying from its effects, are admissible.

SAME. Complaints of pain, made to its mother on the second day, are admissible.

Practice. Where a question calls for an answer, and that answer mingles proper and alleged improper matter, a motion to strike the latter is properly overruled, where the motion names no ground.

SAME. An answer must be reached by motion, not objection.

SAME: IMPEACHMENT. Impeachment of one's own witness not permissible though his testimony favors opposing party.

INSTRUCTION. A direction to answer certain questions, "If you find a verdict for plaintiff," does not indicate that such a verdict is expected.

Counterclaim: Next Friend. In an action by a next friend, a counterclaim against him can not be interposed.

*Appeal from Floyd District Court.*—HON. P. W. BURR, Judge.

MONDAY, OCTOBER 22, 1894.

ACTION for damages for an assault and battery. Judgment for the plaintiff, and the defendant appeals. *Affirmed.*

*J. S. Root* for appellant.

*Robert Eggert* for appellee.

GRANGER, C. J.—I. The plaintiff, Bertha Smith, is a child about seven years of age. W. J. Smith is her father and next friend in this suit. The petition

charges that the defendant, in December, 1892, maliciously struck Bertha Smith with a whip, inflicting upon her a wound from which she has suffered and still does suffer.   The answer was a denial and a counterclaim against W. J. Smith, the next friend, for malicious prosecution.   On motion of plaintiff, the counterclaim was stricken from the files, and such action of the court is assigned as error.   There was no error in the ruling.   The next friend is not the party in interest.   His rights or liabilities are in no sense the subject or purpose of the action.   He is merely in the case to aid one under legal disabilities to assert her rights as against another.   The liability of a next friend for costs is not by virtue of the statute, except as it is declaratory of the common law.   *Vance v. Fall*, 48 Iowa, 364.   No reasons are suggested, nor are we able to imagine any, why a minor should be compelled to discharge the obligations of one who may appear as next friend for him.

II.   The child was struck by the defendant while on its way from school, accompanied by other children. The following extract from the record presents a question for consideration:   "Effie or Eva Smith's testimony: *Q.*   What did you do after Hubert Dawley passed her [Bertha]?   *A.* I came up with her.   I saw her crying.   Asked her what was the matter.   She said Hubert hit her with the big end of his whip.   (Defendant moves to strike answer as irresponsive and incompetent.   Overruled.   Exceptions.)   *Q.* What did you do after you came up with her?   *A.*   I asked her what was the matter.   She said Hubert hit her with the big end of his whip.   (Defendant objects, and moves to strike out answer as irresponsive and incompetent.   Overruled.   Exceptions.)   Bertha Smith's testimony:   You can state what you said to them [her brother Orrin and sister Effie or Eva] when they came up.   *A.*   Told them Hubert Dawley hit me with the

big end of his whip. (Defendant moves answer be stricken out as incompetent.) Court: It is receivable as part of the *res gestae*. (Exceptions.)'' This testimony was properly admitted. The statements of the child were made so near the time of the occurrence as to be really a part of it, contemporaneous with it. The declarations, to be admissible in evidence, need not be precisely concurrent in point of time with the principal transaction. If they are so near to it as to afford reliable information as to the truth of the transaction, it is sufficient. *State v. Jones*, 64 Iowa, 349, 17 N. W. Rep. 911, and 20 N. W. Rep. 470; *Harriman v. Stowe*, 57 Mo. 93. The law characterizes such actions as *verbal acts*, because so related to or connected with what is known as the *principal act* as to be a part of it. It is upon this theory that they may be used to establish or define the principal act. The rule is firmly established upon authority. *People v. Vernon*, 35 Cal. 49; *Insurance Co. v. Mosely*, 8 Wall. 397.

III. The mother of the child stated that the child came home crying, and said that Dawley struck her with a whip, and complaint is made of this. There was no objection to the question leading to the answer. The statement is connected with other statements as to her examination of the child and the child's complaint of suffering, etc. The following then appears of record: "Defendant moves to strike out those complaints. Court: I will permit her to state her declarations as to her condition." We need not consider the correctness of the ruling, because no grounds of the motion are stated. The motion is in the nature of an objection to testimony, and, even though there are grounds for an objection, if they are not stated the court is not required to sustain the objection. *Blackmore v. Fairbanks*, 79 Iowa, 282, 44 N. W. Rep. 548. The witness

then said: "She came home the second night, and complained of her injury. She complained of her side every day, and cried at spells of its hurting her."

After the answer is an objection to it as "immaterial, irrelevant, and improper." It was overruled. It was not error to so hold, if for no other reason, because the objection comes after the answer is given. The remedy was then by motion to strike. *Blackmore v. Fairbanks, Morse & Co., supra; State v. Day*, 60 Iowa, 100, 14 N. W. Rep. 132; *State v. Moore*, 25 Iowa, 128. But again, the testimony was entirely proper, under the almost universal current of authority. See, for a quite full discussion of the question, *Insurance Co. v. Mosely, supra*.

IV. One Effie Childs was a witness for the defendant, and her testimony was favorable, in part, to the plaintiff; and afterward defendant sought to impeach her by introducing a letter written by her, which the court rejected. It is claimed that the court erred. We think not. Conceding that, if defendant was misled by the witness, and he placed her on the stand in pursuance of what she had said her testimony would be, he might show to the court or jury the facts leading to her being called as a witness, it does not follow that he can be allowed to impeach his own witness in violation of the general, if not of the universal, rule.

V. The court said to the jury that, if it found for the plaintiff, it would answer certain questions submitted. The questions were: *First*, whether or not the striking was willful; *second*, the amount of the actual damage allowed; and *third*, the amount of the exemplary damages allowed. The complaint is that the questions were preceded in the instructions by the words: "If you find a verdict for the plaintiff, you will answer," etc. It is said that the

words indicated to the jury that the court expected the jury to find for the plaintiff. To our minds the words rather indicate that the court had no expectation on the matter than that it had one. Until the jury should find that the blow was struck, from which fact the jury should find for the plaintiff, the questions were of no moment in the case, and need not be inquired into. The questions were properly submitted.

There are some other questions argued, but they are without merit, and some of them so manifestly so as to indicate a want of sincerity in the presentation. The judgment is AFFIRMED.