In re Estate of Alice Ferguson.

J. E. O'NEILL, Guardian, Appellant, v. C. H. READ, Administrator, Appellee.

EXECUTORS AND ADMINISTRATORS: Appointment—Preference
1 —Competency. One ordinarily entitled to preference in appointment as administrator loses such right by mental incompetency. It follows that the appointment of an admittedly competent administrator will not be set aside, on the application of such incompetent, in favor of one selected by such incompetent, even though the appointment assailed was made prior to the expiration of the time in which the incompetent might have exercised his preference had he been sane. Sec. 3297, Code, 1897.

EXECUTORS AND ADMINISTRATORS: Appointment—Preference
2 —Guardian of Next of Kin. The guardian of the property of next of kin to a deceased is not, *ipso facto*, entitled to any

preference in appointment as administrator of said deceased.
(Sec. 3297, Code. 1897.)

*Appeal from Pottawattamie District Court.*—J. B. ROCKA-
FELLOW, Judge.

MONDAY, MAY 14, 1917.

APPLICATION to remove an executor. Opinion states
the facts. Judgment for the defendant in the court below.
Plaintiff appeals.—*Affirmed.*

*Turner & Cullison,* for appellant.

*Ine D. Shuttleworth* and *H. V. Battey,* for appellee.

GAYNOR, C. J.—Alice Ferguson died in-
**1. EXECUTORS AND ADMINISTRATORS: appointment: preference: competency.** testate in Pottawattamie County, on the 16th day of April, 1915. She left a small estate consisting of personal property, and an unliquidated claim for damages against Pottawattamie County. She left surviving her a husband, one Harvey Ferguson, and two minor children, Ruth E. and Estelle Ferguson, aged, respectively, three years and eighteen months. On the 20th day of April, Mason and Lizzie Pauley, father and mother of the deceased, Alice Ferguson, filed a petition in the district court of Pottawattamie County, asking that letters of administration issue to C. H. Read, defendant herein, and letters were issued accordingly. He qualified and gave bond, and entered upon the discharge of his duty. On the 7th day of May, 1915, Harvey Ferguson, husband of the deceased Alice, filed his petition in the district court of Pottawattamie County, alleging that he was informed and believed that C. H. Read of Avoca had been appointed administrator of the estate of his deceased wife; that he (the petitioner) was the husband of said decedent, and is entitled to make application for appointment as administrator within a period of 20 days, commencing with the burial of the decedent; that the parents of decedent were not entitled to ask for appointment until after the

expiration of said time; that the petitioner desires the appointment of Read to be set aside and held for naught; that letters be granted to one Joe O'Neill, who is a suitable person to be appointed administrator. It appears further that, on the 30th day of April, 1915, Joe O'Neill was duly appointed guardian of the property of the minor children of Alice Ferguson, and was their duly appointed guardian at the time of the filing of the petition to set aside the appointment of Read as administrator.

Upon the trial it was stipulated as follows: That Mason and Lizzie Pauley are the father and mother of Alice Ferguson; that Alice Ferguson left surviving her Harvey Ferguson, her husband; that, at the time of her death, he was confined in the hospital for the insane at Clarinda; that he was adjudged insane by the board of commissioners of insanity prior to that time, and since has been, and is now, an inmate of said hospital under the law, without any change in his legal status; that Alice Ferguson left also surviving her two minor children, aged, respectively, three years and eighteen months; that J. E. O'Neill, plaintiff herein, was, on the 30th day of April, 1915, appointed guardian of the property of said children upon petition of Harvey Ferguson, who was then confined in the hospital aforesaid and who has ever since been confined in said hospital under a warrant of commitment; that Joe O'Neill is now acting as guardian of such property of said children, and was at the time of the filing of the petition for the removal of C. H. Read; that Harvey Ferguson, at the time of the death of Alice Ferguson, and ever since and during all the times herein mentioned, was confined in the hospital for the insane; that he was adjudged insane on the 31st day of March, 1915.

On this showing, the court dismissed the petition of Harvey Ferguson, and confirmed the appointment of Read

as administrator of the estate of Alice Ferguson. From this finding, Joe O'Neill has appealed.

Section 3297, Code, 1897, provides:

"Where an executor is not appointed by will, administration shall be granted:

"1.   To the husband or wife of the deceased;

"2.   To his next of kin;

"3.   To his creditors;

"4.   To any other person whom the court may select."

Section 3298, Code, 1897, provides:

"To each of the above classes, in succession, a period of 20 days, commencing with the burial of the deceased, is allowed within which to apply for administration."

Harvey Ferguson comes within the first, and to him was allowed twenty days in which to apply for appointment. The statute gives to him this right. The children come within the second class. They are the next of kin. There are none appearing in the third class. The record does not disclose that there were any creditors. Read comes within the fourth class. See *In re Estate of Weaver,* 140 Iowa 615.

Is there no limit on the right of the husband to be appointed under this statute? The statute itself fixes no limitation upon the right. The statute, however, was intended to confer a right upon one who is capable of exercising the right when conferred. It could not have been the thought of the legislature that the court should, under all circumstances, recognize this right and grant the power to exercise it under all circumstances. To so construe the statute would force upon the court that which would, under peculiar conditions, be destructive of all the rights sought to be protected. The veriest imbecile or idiot, coming within the wording of the statute, would be entitled to receive from the court the power to administer upon the estate of a dead person, even though incapable of attending

to even his own personal wants. We think that the legisla-ture intended to grant this exclusive right within twenty days to the husband only in the event the husband applied within that time and was competent and able to discharge the duties to which his appointment assigned him.

As said in *Chicago, B. & Q. R. Co. v. Gould,* 64 Iowa 343, at page 345:

"For proper reasons, based upon the unfitness or inabil-ity of the persons designated in the first three of the classes, as presented by the statute, just quoted, administration may be granted to someone of the class next named; and, if no one capable and fitted for the discharge of the duty is found therein, it may be imposed upon persons within the fourth class. It is competent for the probate court to de-termine the propriety of the appointment of any person who is presented therefor."

In the case at bar, Harvey Ferguson was insane; con-fined in the hospital for insane; legally dead. He was in-competent to discharge his own business, and unfit to be trusted with the business of others. He could not have been appointed himself because of his disability. The ap-pointment of O'Neill is asked upon the petition of one who, because of his mental condition, was incapable of assum-ing the responsibility himself, and therefore incapable of se-lecting one to act for him in his stead.

The second class was the children of Alice. They were the next of kin,—two babies, one three years old and the other eighteen months old,—both disqualified because of their tender years.

The third class was the creditors. The record does not disclose that there were any.

Read comes clearly within the fourth class. His qual-ification for the office is not questioned. except as it is claimed that there are three classes entitled to precedence over him.

In *The Estate of O'Brien,* 63 Iowa 622, 624, this court had occasion to say something which is very apropos to the situation here, and said:

"While there are no restrictions or limitations in the statute on the right of the widow to administer on her husband's estate, yet it is quite apparent, we think, that of necessity the court has at least some discretion in such cases. For the wife may be insane, or otherwise clearly incompetent. The statute simply means that, if the wife is competent to discharge the trust, then she has paramount right to the appointment."

It may be contended, however, that the appointment of Read on the application of the father and mother of the deceased was premature, because the 20 days given to the husband had not elapsed at the time of the appointment. This is too narrow a construction. The statute reads that each of the above classes is allowed a period of 20 days, commencing with the burial of the deceased, within which to *apply for administration.* The right to apply for a thing does not necessarily involve a right to receive on application the thing applied for. Where, within the 20 days, an application is made by any of these classes to whom the right to apply is given, and it is, upon such application, determined that the applicant is wholly disqualified from exercising the powers applied for, or administering the estate, no court having due regard for the interests to be affected by the appointment would recognize the application, or grant the powers prayed for.

It is clear that, had the husband, Harvey Ferguson, applied at any time within the 20 days, the court must have refused his application because of the disability under which he labored. If either of the children had made application within the time, the court must have refused to grant administration to them because of the disability under which they labored. It is made, therefore, affirma-

tively to appear by the stipulation that neither the husband nor the next of kin was qualified to discharge any of the duties, and the application for the right to do so must have been denied on the merits of the showing.

Now we are asked to set aside the appointment of one in the fourth class, upon a showing that none of the preceding classes were eligible to receive the appointment, had application been made by them within the time. This we cannot do.

2. Executors and Administrators: appointment: preference: guardian of next of kin.

It is contended, however, that the defendant O'Neill is the guardian of the minor children, and, as such, is entitled to the appointment. The statute does not so provide. He does not come within any of the classes provided for in the statute. He is as much a stranger to the estate as is Read. The application for his appointment was not made by the next of kin, but by the insane husband. It follows that the husband, being insane and disqualified from discharging the duties, disqualified from transacting any business on his own account, is disqualified to choose one to act in his stead. The administrator of the property of minor children, as such, has neither a statutory nor a natural right to administer upon the estate of the ancestor. Though not material to the determination of the issue here, the record discloses that these babies are in the custody of, and being cared for by, their grandparents, and it was by them that the application was made for the appointment of Read.

There is no showing that Read is not in every way competent and qualified to discharge the duties of administrator. We see no reason for disturbing the action of the district court, and it is—*Affirmed.*

Ladd, Evans and Salinger, JJ., concur.