G. C. Moreland, Appellant, v. Lloyd Lowry, Appellee.

No. 41120.

February 9, 1932.

Clifford B. Paul, for appellant.

James E. Remley, for appellee.

KINDIG, J.—Rose Moreland, a resident of Jones County, died intestate February 11, 1931, possessed of both real and personal property. She was buried on February 13 of that year. On March 30 thereafter, Frank S. Sutton filed a petition with the Clerk of the Jones County District Court, asking that L. H. Lowry, designated in the preliminary statement as administrator and appellee, be appointed administrator of the Rose Moreland estate. That was forty-five days after the burial of Rose Moreland.

Frank S. Sutton, the petitioner, is a creditor of G. C. Moreland, appellant, an heir of the decedent. Section 11832 of the 1927 Code, so far as material here, provides:

"The clerk of the district court shall have and exercise within his county all the powers and jurisdiction of the court and of the judge thereof, in the following matters:

"1. The appointment, when not contested, of resident administrators, executors, and guardians of minors, and the approval of any and all bonds given by administrators, executors, trustees, and guardians in the discharge of their several trusts. * * *"

Upon the presentation of such petition, there being no contest, the clerk of the district court appointed the appellee administrator of the Rose Moreland estate. He immediately gave bond and otherwise duly qualified.

The decedent was not survived by a husband, but her children and heirs at law living at the time of her death were G. C. Moreland, above named, James Moreland, Roy Moreland, Rachel Ashley, and Maude Sarby. These children at the time of their mother's death were all of age.

Thereafter, on April 1, 1931, within due time, the said G. C. Moreland, a son and heir at law of Rose Moreland, filed a motion, under Section 11834 of the 1927 Code, to set aside the

action of the Clerk of the Jones County district court in appointing Lloyd Lowry the administrator of said estate. Section 11834 of that Code contains the following provisions:

"Any person aggrieved by any order made or entered by the clerk, under the powers conferred (in section 11832, supra), may have the same reviewed in court, on motion filed at the next term and not afterwards, unless upon good cause shown within one year, and upon such notice as the court or a judge thereof may prescribe."

Not only did G. C. Moreland ask to have the aforesaid appointment of the administrator set aside, but, in addition thereto, requested that he himself be appointed administrator of his mother's estate. Afterward, on April 2 of the same year, the other heirs above named joined in the aforesaid motion of the appellant and adopted it as their own. When so doing, however, they made certain amendments to the original motion.

A resistance was filed to these motions by the appellee, Lloyd Lowry, and Frank S. Sutton. After a hearing before the district court, the motion to set aside the clerk's action was overruled, and the appointment of Lloyd Lowry, as administrator, confirmed. From this judgment of the district court, the appellant appeals. According to the notice of appeal, the other heirs of Rose Moreland, above named, also appealed, but took no exception to the judgment of the district court. The parties, in preparing their abstracts and arguments, refer to the appellant as if G. C. Moreland were the only one, although all the heirs purport to have taken an appeal. In any event, the questions raised by G. C. Moreland are the same as those argued by the other heirs. Therefore, to avoid confusion, when "appellant" is used hereafter, it will be understood as including all the heirs above named. Likewise, according to the record, Lloyd Lowry, the administrator, is designated as appellee, but Frank S. Sutton, the applicant for the appointment of such administrator, joined with the former in resisting the motion to set aside the appointment. So, when the word "appellee" hereafter is used, it will be intended to include both Lowry and Sutton.

On the appeal, the appellant complains: First, that Frank S. Sutton is not a proper person, under the statute, to petition

for the appointment of administrator; second, that in fact such petition for the appointment of the administrator was not by Frank S. Sutton, but by John Sutton, his father; third, that as a matter of fact there is no necessity or reason for the appointment of administrator, because the heirs made distribution of the estate among themselves, and no creditors are involved; fourth, that at the hearing the district court placed the burden of proof upon appellant, when, as a matter of fact, it should have been upon the appellee; fifth, that the evidence is not sufficient to sustain the action of the Clerk of the District Court in appointing Lloyd Lowry as administrator; and, sixth, that the district court wrongfully considered certain ex-parte affidavits as evidence.

Appellee, on the other hand, argues that the district court was fully supported and justified in reaching its conclusion above announced, and committed no error in so doing.

I. Attention is first directed to appellant's complaint that the aforesaid Frank S. Sutton is not a proper person, under the statute, to petition for the appointment of an administrator of the Rose Moreland estate.

Section 11883 of the 1927 Code declares:

"In other cases, where an executor is not appointed by will, administration shall be granted to any suitable person or persons on the request and application of:
"1. The surviving spouse.
"2. The next of kin.
"3. Creditors.
"4. Any other person showing good grounds therefor."

As before explained, the foundation for Frank S. Sutton's right to request and apply for the appointment of an administrator is an indebtedness alleged to be due him from G. C. Moreland, as heir of the Rose Moreland estate.

Frank S. Sutton, on December 5, 1930, obtained a judgment for $800 in the Jones County district court against G. C. Moreland, the said debtor, and heir of the Rose Moreland estate. An appeal was taken from that judgment to this court March 3, 1931, and supersedeas bond filed with the clerk of Jones County district court, who approved the same. That judgment is the basis upon which Sutton requested and applied for the appoint-

ment of the administrator. The appeal is still pending. Those facts are necessary preliminary considerations for an analysis of appellant's complaint.

These complaints against the appointment of an administrator, upon the application and request of Frank S. Sutton, may be analyzed under two major propositions:

First: That the said Sutton, being merely a creditor of G. C. Moreland, an heir of the Rose Moreland estate, has not thereby shown "good grounds" for the appointment of an administrator of the estate, as contemplated by section 11883 of the 1927 Code, supra, and

Second: That the said Sutton is not a proper person, under section 11884 of that Code, to petition for the appointment of an administrator, because only forty-five days had elapsed since the burial of the deceased, and therefore the heirs or creditors of the estate are the only persons who could legally petition for the appointment of an administrator during that time.

Such section 11884 of the 1927 Code reads:

"To each of the above classes (those named in section 11883, supra), in succession, a period of twenty days, commencing with the burial of the deceased, is allowed within which to apply for administration."

Convenience suggests that the two major complaints of appellant, above specified, be considered in the order named.

Is Frank S. Sutton, then, a person "showing good grounds" for the appointment of an administrator for this estate? This major inquiry may be subdivided, for the purposes of consideration, into two questions: (a) Does the fact that the said Sutton is a creditor of an heir show him to have "good grounds" to apply for and request the appointment of an administrator? and (b) Does the fact that the alleged debtor, G. C. Moreland, has appealed from the judgment which is the basis for the alleged debt, and given supersedeas bond to pay the same, take away from Sutton the statutory right he might otherwise have to apply for and request the appointment of an administrator?

Clearly, under the facts and circumstances here involved, Frank S. Sutton, as such debtor, has shown "good grounds" to be an applicant for the appointment of the administrator.

Forty-four days had elapsed, and no one concerned asked for such appointment. Both real and personal property were involved. Consequently, it is quite necessary that an administrator be appointed who could take charge of and preserve the personal property, collect the debts, and make such disposition of the personal property and funds collected as the law and the court might authorize. See In re Estate of Acken, 144 Iowa, 519 (local citation, 530). Frank S. Sutton had a judgment against G. C. Moreland, an heir of Rose Moreland, deceased. As before explained, Rose Moreland when she died owned real estate. So, that judgment was a lien upon the one-fifth interest in that land inherited by G. C. Moreland. Unless the estate was probated, title to that land might not be clear for a period of at least five years. By probating the estate, the fact could be demonstrated to the world, if it be such, that there were no claims against the estate of Rose Moreland, deceased. Without such demonstration, Frank S. Sutton would not be in a position to obtain full value from said one-fifth interest in the land under an execution sale on his judgment, if he could sell it at all under those circumstances. Moreover, two resident properties in Olin and eighty acres of land were all the real estate left by the decedent, and G. C. Moreland's interest therein was only one-fifth thereof. A dispute arises concerning the value of the land. In any event, an owner thereof, through execution sale, would have only an undivided interest therein, together with the other four heirs. That fact would considerably affect the value. Under those circumstances it was important to Frank S. Sutton, the judgment creditor, to preserve, if he could, whatever interest G. C. Moreland, the debtor, might have in the personal property. If claims should be filed against the estate during the administration, it is important to Frank S. Sutton that the personal property be sufficient to pay the same; otherwise the real estate would be used to satisfy such debts. Because of those circumstances and conditions, it is obvious that Frank S. Sutton has shown good grounds why he should apply for and request the appointment of an administrator. See In re Estate of Ferguson, 179 Iowa 1208; In re Rugh's Estate, 211 Iowa 722.

There yet remains for discussion under this so-called major complaint of appellant's the second question above asked, to wit: Does the fact that an appeal from the foregoing judg-

ment has been taken to the Supreme Court, and supersedeas bond filed by G. C. Moreland, take away from Frank S. Sutton, the judgment creditor, the right he otherwise had to petition for and request the appointment of an administrator? Obviously not. Section 12861 of the 1927 Code, above cited, reserves certain rights of the appellee's under an appeal to the Supreme Court, even though a supersedeas bond is given by the appellant. Such reservation is made by the use of the following language:

"No appeal or stay shall vacate or affect such judgment or order."

Although an appeal has been taken and supersedeas bond given, nevertheless the appellee still has his judgment. If the case is affirmed on appeal, the judgment may then be enforced, regardless of the appeal bond. Perhaps, under the exigencies of the times, the personal sureties on the supersedeas bond will not be able to pay the judgment and costs. In the happening of the supposed event, Frank S. Sutton, the judgment creditor, will necessarily have to levy execution on the aforesaid land or any other property of the judgment debtor, G. C. Moreland, to cover the judgment debt. Consequently, the judgment creditor has an interest in the estate of Rose Moreland, deceased, because her son and heir, G. C. Moreland, is a judgment debtor. While execution under a supersedeas bond can not issue until the case has been disposed of in this court, yet that is no reason why the judgment creditor can not, in the way here sought, preserve his interests under the judgment and be in a position, if and when the time comes, to successfully issue an execution. As said in Higgins v. Higgins, 204 Iowa 1312, reading on pages 1314 and 1315:

"Execution on the judgment for alimony was stayed by the filing of a supersedeas bond. This did not, however, have the effect to vacate the judgment, but only to prevent its enforcement during the pendency of the appeal."

Again, this court said in Lindsay v. Clayton District Court, 75 Iowa 509, reading on page 512:

" 'No appeal * * * shall vacate or affect the judgment ap-

pealed from.' It will be observed that the validity or effect of the judgment is in no manner affected by the appeal. It remains in full force, but process thereon is suspended until the appeal is determined.''

To the same effect see Watson v. Richardson, 110 Iowa 698, and Cole v. Edwards, 104 Iowa 373. Therefore, so far as appellant's first major complaint is concerned, Frank S. Sutton was a proper person to apply for and request the appointment of the aforesaid administrator.

 There is remaining, then, for consideration the question whether, under appellant's second major complaint aforesaid, Frank S. Sutton was not a proper person to ask for such appointment. It will be recalled that such second major complaint of appellant's is that the said Sutton is not a proper person, under section 11884 of the 1927 Code, to petition for the appointment of an administrator, because only forty-five days had elapsed since the burial of the deceased, and therefore the heirs or creditors of the estate are the only persons who could legally petition for the appointment of an administrator during that time. Sections 11883 and 11884, supra, it will be recalled, give preference to the persons therein named, who may apply for the appointment of an administrator, in the following order: First, surviving spouse; second, the next of kin; third, creditors; and, fourth, any other persons showing good grounds therefor. In the case at bar there was no surviving spouse, and the time during which the next of kin were given a preference had fully expired.

The claim is made by appellant, both in his pleadings and in his argument, as well as in his evidence, that there are no creditors who have claims to file against the estate of Rose Moreland. For the purposes of determining the proposition now before us, we may assume such to be the truth. Such assumption, of course, would not bind any creditor that may appear to file claims during the due administration of the estate, but the heirs are bound by the concession, under the circumstances. This being true, there is no reason why Frank S. Sutton, who has shown good grounds therefor, can not, on the 45th day after the burial of Rose Moreland, apply for and request the appointment of an administrator for her estate. Whether the

heirs would only have the preference of twenty days after the burial of the decedent, because she left no surviving spouse, we do not now decide, because in any event more than forty days elapsed, and that included the time such heirs would have had for preference, even had there been a surviving spouse. Under that state of the record, the heirs have no right to complain because Frank S. Sutton, as one of the fourth class named in the preferences specified in the statute, made application for the appointment on the 45th day after the burial of Rose Moreland, deceased. In re Estate of Ferguson, (179 Iowa 1208) supra, local citation 1213. While discussing an analogous situation, we said in the Ferguson case, reading on page 1213:

"It may be contended, however, that the appointment of Read (the administrator) on the application of the father and mother of the deceased was premature, because the 20 days given to the husband had not elapsed at the time of the appointment. This is too narrow a construction. The statute reads that each of the above classes is allowed a period of 20 days, commencing with the burial of the deceased, within which to *apply for administration*. The right to apply for a thing does not necessarily involve a right to receive on application the thing applied for."

Within the record of the Ferguson case (179 Iowa 1208), supra, the husband survived his deceased wife, but was insane. Yet this court permitted one of the later of the preferred classes to apply for the appointment of an administrator during the 20 days in which the husband had a preference. Here, in the case at bar, the time for the preference given the heirs of the decedent has passed, and creditors of the next class in order are not objecting. As before explained, appellant concedes there are none of the creditor class.

Because of these facts, Frank S. Sutton, who belonged to the last class named in the statute, was not required to wait sixty days after the burial of Rose Moreland before making application for the appointment. Such is true by analogy, under the rule announced in the Ferguson case (179 Iowa 1208), supra. If, as said in the Ferguson case, an application can be made by one of a later class named in the statute during the twenty days reserved for the husband when the latter is insane,

likewise, by analogy, Frank S. Sutton, of the fourth class under the statute, can make the application when there is no one in the first and third classes to apply, and the preferred time given those in the second class has expired.

Consideration has now been given to both major complaints made by appellant at this juncture. The district court, then, properly found that Frank S. Sutton could apply for and request the appointment of the administrator.

II. Even though Frank S. Sutton himself is a proper person to make application for the appointment of the administrator, yet it is somewhat inconsistently argued that he did not in fact make the request, but rather, that his father, John Sutton, did so. John Sutton, of course, is not the judgment creditor; for, as before said, Frank S. Sutton owns and holds the judgment above named. Hence John Sutton would not be a proper person to make the application for the appointment of the administrator. It appears that the application was signed, "Frank S. Sutton, by John Sutton, his father." So far, then, as appearances are concerned, Frank S. Sutton made the application, through an agent or representative. Throughout the motion to set aside the appointment of the administrator, the appellant admitted and alleged that Frank S. Sutton made the application. In fact, the motion is based upon the theory that Frank S. Sutton did so apply for and request the appointment. When the four remaining heirs joined with the heir G. C. Moreland in the aforesaid motion, as previously explained, they adopted the allegations thereof.

An amendment was filed by those heirs, in which they alleged, not that John Sutton, the father, made the application, but that the application aforesaid for the appointment of an administrator shows or indicates upon its face that the applicant was the said John Sutton, rather than Frank S. Sutton, the son. Nowhere in the amendment, however, is there any attempt to withdraw the allegations of the original motion, wherein it was admitted and affirmatively alleged that the application for the administrator was made by Frank S. Sutton, the son, as distinguished from John Sutton, the father. Moreover, contrary to the amendment above named, the application itself does not show on its face that it is, or in any way appears to be, the act of John Sutton. Rather than that, the application shows

upon its face that it is, and appears to be, the act of Frank S. Sutton.

Under the record then, including the admissions and affirmative allegations aforesaid, it is shown that Frank S. Sutton, and not his father, made the application and request.

III. Assuming the foregoing to be true, for the purposes of the argument, the appellant nevertheless declares that in no event was an administrator necessary or proper for the Rose Moreland estate because after her death the five heirs settled all matters relating thereto and made distribution of the property. This claim, however, is not borne out by the record. While it is indicated that there was some talk of settlement among the heirs, yet at no time was an agreement reached. A settlement, therefore, was never consummated. There has been no distribution of the property, and the heirs themselves, as before suggested, are now asking for the appointment of an administrator in lieu of the one appointed by the clerk of the district court. So far as this proposition is concerned, then, the district court properly refused to set aside the appointment made by the clerk of the district court.

IV. The next ground for reversal argued by the appellant is that the record fails to set forth facts to sustain the appointment made by the clerk of the district court. Such being the fact, appellant concludes that said appointment should be set aside because the burden of proof was upon appellee at this point.. Nevertheless, the district court, appellant maintains, ignored the fact that appellee had the burden of proof, and erroneously placed such burden upon the appellant.

Section 11835 of the 1927 Code provides that the hearing or trial on a motion of this kind shall be "de novo." That being true, the burden of proof to sustain the appointment by the clerk would be upon appellee. Although section 11836 of the same Code provides that the records, orders, and judgments made and entered by the clerk shall stand until set aside, and be of the same force, validity, and effect as if made by the district court, nevertheless, when there is a hearing under a motion to set aside the appointment of an administrator, section 11835, supra, makes an exception to said section 11836; for, when there is such hearing to set aside the appointment of an administrator, the trial is to be "de novo." Appellant, however, appears to

have waived any objection to this proceeding, because, after some discussion with the court, he consented to proceed with the burden of proof. However that may be, the record is sufficient to sustain the appointment made by the clerk of the district court, even though the burden at this point is upon appellee. As before explained, Lloyd Lowry was appointed administrator by the clerk of the district court. Lowry is cashier of the Niles & Watters Savings Bank, at Anamosa. He is about 30 or 35 years of age, and, so far as shown, has no interest in the estate. Nothing is said by appellant against the competency of Lowry to be administrator of Rose Moreland's estate. Therefore, it appears that the district court did not abuse its discretion in refusing to set aside the appointment of Lowry, and allowing him to continue with the administration. See In re Estate of Ferguson (179 Iowa 1208), supra, local citation 1212.

Not only is that true, but also it is apparent that the district court did not abuse its discretion in retaining Lowry in the face of the counter-application of G. C. Moreland. It is to be recalled that G. C. Moreland is the judgment debtor in which judgment the aforesaid Frank S. Sutton is the creditor. The said Moreland also is a debtor of the Rose Moreland estate in the amount of $1,000. While being a debtor of the estate does not necessarily disqualify him to be the administrator thereof, yet it is a fact to be taken into consideration by the court when making an appointment. More than that, G. C. Moreland, at or near the inception of the suit which resulted in the judgment in favor of said Frank S. Sutton, conveyed all his real estate not involved in the Rose Moreland estate, except the house in which he lived, to his wife. Sutton claims that this conveyance was made without consideration, for the purpose of defeating creditors. An equity proceeding has been brought, or is contemplated, to set aside the conveyance of that real estate from G. C. Moreland to his wife. G. C. Moreland was called for examination before the district court in reference to that matter. At the time of that examination, said Moreland agreed in open court that, if the cause were continued, he would pay the judgment held by the aforesaid Frank S. Sutton. Nevertheless, after the continuance he failed to pay the debt.

With all that record before the district court, it can not be said that it abused its discretion in sustaining the appointment

of Lloyd Lowry, made by the clerk of the district court, rather than setting the same aside and appointing, in lieu of Lowry, the said G. C. Moreland to be the administrator of the Rose Moreland estate.

V. In addition to the foregoing, it is said that the district court, in sustaining the action of the clerk in making the above-named appointment, considered affidavits attached to the application of Frank S. Sutton. These affidavits do not appear to have been offered in evidence, and there is nothing to indicate that the district court considered the same. Moreover, even when those affidavits are excluded, the evidence, as before suggested, is amply sufficient to sustain the action of the district court.

Wherefore, the judgment of the district court should be, and hereby is, affirmed.—Affirmed.

WAGNER, C. J., and EVANS, MORLING, and GRIMM, JJ., concur.