IN RE ESTATE OF AMELIA ZIMMERMAN.

JOSEPH BECHTEL et al., Appellants, v. ALFRED BECHTEL, Administrator, et al., Appellees.

No. 46096.

NOVEMBER 24, 1942.

REHEARING DENIED MARCH 12, 1943.

Hart & Hart, of Waukon, for appellants.

Frank Teeling, of Waukon, for appellees.

HALE, J.—The only question involved in this appeal is whether an appointment of administrator, made the day following the death of the decedent and prior to the burial, is valid. The decedent, Amelia Zimmerman, died intestate on November 16, 1941, domiciled in Allamakee county, Iowa, without spouse or issue surviving, and was buried November 18, 1941. On November 17, 1941, Amelia Bechtel and Helen Bechtel filed petition for appointment of Alfred Bechtel as administrator of Amelia Zimmerman's estate, and on the same day he was appointed by the clerk and by the judge. Letters of administration were issued and administrator's bond in the sum of $1,000 was filed. Afterward an additional bond in the sum of $13,000 was filed. Notices of appointment were posted and affidavit of posting notices was filed in the lower court.

Appellant Joseph Bechtel was the brother, and appellant Lewis Bechtel the nephew of deceased. Appellees Helen Bechtel and Amelia Bechtel were nieces of the deceased, and Alfred Bechtel was not an heir. On February 10, 1942, appellants filed an application to set aside the appointment of Alfred Bechtel on the ground that such appointment was invalid because all of the steps leading up to the appointment, and the appointment itself, occurred before the burial of the decedent. Resistance was filed by appellees and the application to set aside the appointment was overruled by the court. Appeal is based on such action.

Appellants argue that the appointment of the administrator, made before the burial of the intestate, upon pleadings filed before such burial, and the attempted qualification of such administrator, are invalid and void, citing section 11884, Code of 1939.

Section 11883, Code of 1939, following sections providing for probate of wills, is as follows:

"In other cases, where an executor is not appointed by will, administration shall be granted to any suitable person or persons on the request and application of:
"1. The surviving spouse.
"2. The next of kin.
"3. Creditors.
"4. Any other person showing good grounds therefor."

This is followed by section 11884:

"To each of the above classes, in succession, a period of twenty days, commencing with the burial of the deceased, is allowed within which to apply for administration."

Appellants and appellees in this case, being the brother and children of decedent's predeceased sister, would all be classed as "next of kin." In re Estate of Wright, 210 Iowa 25, 230 N. W. 552. As such they have equal rights so far as time for making application is concerned.

Appellants urge that the limitation imposed by section 11884, which fixes the time after the burial in which the four classes may apply for appointment, applies prior to the burial. They argue that no appointment can be made before the twenty-day period begins to run after the burial, that the burial is prerequisite to the right of anyone to apply for administration and prerequisite to the jurisdiction of the court or the clerk to grant administration, and that until the decedent is buried there is no right of anyone to apply, and no right, power, or jurisdiction of the court to grant such. If this contention is true—that is, if the twenty-day period fixes the time during which application can be made—then it would be equally reasonable to say that following the twenty days after burial the spouse would have no right to make application, even though no person of the succeeding three classes had done so. Such contention has never been upheld in this state. The twenty days allotted to each class are periods of preference, and if a member of the preferred class does not take advantage of such preference, or if there be no such member of that class, then

there is no reason why a member of the succeeding class may not make immediate application. The same reason that would apply a strict limitation to the various twenty-day periods would apply to the time after such periods, and therefore, after the full time allotted to each class, no person would have the right to apply for administration of the estate of a decedent. We have held the contrary. Questions involving these two sections of the Code have at various times been before this court. In re Estate of Ferguson, 179 Iowa 1208, 1212, 162 N. W. 775, 776, is a case in which the appointment of an admittedly competent administrator was contested as having been made prior to the expiration of the time allotted by law to the spouse, when such spouse was incompetent. This was the same as if there were none of the first class. The minor children of the deceased were also incompetent on account of age, and there was no record of any persons of the third class. The administrator, being in the fourth class, was appointed, and the revocation of such appointment was refused, quoting from Chicago, B. & Q. R. v. Gould, 64 Iowa 343, 345, 20 N. W. 464, 465:

" 'For proper reasons, based upon the unfitness or inability of the persons designated in the first three of the classes, as presented by the statute, just quoted, administration may be granted to someone of the class next named; and, if no one capable and fitted for the discharge of the duty is found therein, it may be imposed upon persons within the fourth class. It is competent for the probate court to determine the propriety of the appointment of any person who is presented therefor.' "

The Ferguson case further states at page 1213 of 179 Iowa, page 777 of 162 N. W.:

"It may be contended, however, that the appointment of Read on the application of the father and mother of the deceased was premature, because the 20 days given to the husband had not elapsed at the time of the appointment. This is too narrow a construction. The statute reads that each of the above classes is allowed a period of 20 days, commencing with the burial of the deceased, within which to *apply for administration.*"

See, also, Moreland v. Lowry, 213 Iowa 1096, 241 N. W. 31, holding that in the absence of members of preceding classes, or failure to make application within their preferred time, a member of the fourth class has the right to make application, and such application is not premature. The rule in these cases, holding appointments valid, even though made prior to the time allotted by the Code, would, we think, govern the appointment when there is no spouse and a member of the second class makes application.

The only facts essential to the jurisdiction of the court are the death of the decedent domiciled within the jurisdiction of the court, leaving property to be administered within that jurisdiction. See In re Estate of Price, 230 Iowa 1228, 300 N. W. 542. These facts were present in the case at bar on November 17, 1941.

Cases cited by the appellants are not persuasive. Hartz v. Brunson, 231 Iowa 872, 2 N. W. 2d 280, involved the jurisdiction of the supreme and district courts and we think throws no light on the present controversy. So also In re Estate of Whitehouse, 223 Iowa 91, 272 N. W. 110, where the appointment of a general administrator was held premature, involved the contest of a will still undecided.

Appellants also cite various cases from Maryland under statutes different from ours. See Burgess v. Boswell, 139 Md. 669, 116 A. 457, and Kaiser v. Ebersberger, 179 Md. 417, 19 A. 2d 701, 133 A. L. R. 1479. The Maryland statute contained a provision that no letters of administration could be issued until at least twenty days after the death and at least seven days after application for same, in cases of supposed intestacy as distinguished from known intestacy. Under such a statute the court held that where the intestacy was not proved to the satisfaction of the court, or was not notorious, a valid appointment could not be made. But in later cases in the same jurisdiction, as Kaiser v. Ebersberger, supra, the Maryland Court of Appeals upheld as valid a grant of letters of administration on the day after decedent's death, there being no fraud or mistake shown.

Under our statutes and decisions we know of no reason,

except that of propriety, why a valid appointment may not be made prior to the beginning of a preferential period, in the absence of previous classes. To authorize administration, death must be established. Since the right of the first-preferred class is exclusive, it can make no practical difference whether the appointment is made before or after the burial. It is only the rights of the following classes, which, in any event, need to be determined by that date. Nor need there be great difficulty in such case. While it is not necessary to the determination of this case, it may be suggested that, even if we may not know of the fact or time of burial, we might safely assume that the legislature, in enacting section 11884, did not intend to create an impossible situation, and that the time of burial, in the event of a known death, may be assumed to have occurred within the usual and customary period. This would apply only to classes following the first-preferred class and is not necessary to consider or determine under the facts of this case.

All we hold here is that the first-preferred class, whether it is the spouse or that class which is moved forward by the absence of preceding classes, is not required to await the burial. In the instant case there is no preceding class. We are satisfied the appointment could legally be made at any time after death, either during or before the twenty days after the burial, and we so hold. In any case, where an appointment of an improper person is made, or in case of fraud or mistake, the law provides ample remedy.

The district court was right in holding the appointment valid and the court's order should be, and it is, affirmed.—Affirmed.

All JUSTICES concur.