IN RE ESTATE OF MARGARET BEGHTEL.

FRANK BEGHTEL, Appellant, v. FRED E. TIMMONS, Administrator, Appellee.

No. 46802.

NOVEMBER 13, 1945.

Ted Hartung and F. G. Ryan, both of Des Moines, for appellant.

Mills & Diltz, of Des Moines, for appellee.

MANTZ, J.—Margaret Beghtel, a resident of Polk County, Iowa, died intestate on March 25, 1945, leaving a spouse, Frank Beghtel, and a daughter by a former marriage, Betty Lou Ansberry, nine years of age, as her next of kin. Within the twenty-day period after her burial the surviving spouse failed to make

the application for administration allowed to him exclusively during that period, under sections 11883 and 11884, Code of 1939.

On April 23, 1945, said Betty Lou Ansberry, next of kin, by her grandmother, acting as her next friend, petitioned the court "that letters of administration may be granted unto this petitioner or any other appropriate person of the estate of said Margaret Beghtel, deceased." On the same date Judge Murrow, one of the judges of the district court in and for Polk County, Iowa, appointed an administrator of his own selection, Fred E. Timmons, as administrator of said estate.

On May 4, 1945, Frank Beghtel, the surviving spouse, petitioned the court that he be appointed administrator of the same estate as "surviving spouse and creditor being the stepfather of and having custody of Betty Lou Ansberry, a minor daughter." This petition was presented to Judge Moore of the same court. Judge Moore made the appointment as prayed, but was not then advised of the prior appointment on April 23, 1945, or that the administrator then appointed had qualified and was then acting. On May 7, 1945, Flossie Marie Hogelin, a grandmother of Betty Lou Ansberry, was appointed guardian of said minor. On May 9, 1945, Frank Beghtel, as administrator, and the guardian, together with two creditors, joined in an application to set aside the appointment of Timmons. The application recited the relationships to the minor; that Frank Beghtel was her legal custodian and stepfather and liable for her support. Said application did not question the right of the court to make the appointment sought to be set aside. No question of jurisdiction was raised. Timmons filed a resistance to the application, and following a hearing the court filed and entered its order denying the application to set aside the appointment of Timmons and confirming his appointment. Beghtel alone appealed, apparently in his capacity as creditor.

I. The trial court, in ruling upon the application for the removal of Timmons, stated that no objection was made to the administrator (Timmons) so appointed upon the ground of fitness or otherwise, and that the sole question for decision of the court was as to the legal right of the minor child of the

deceased, as next of kin, to petition for appointment of an administrator by her next friend.

The sole and only question involved is as stated by the trial court: Can the minor child, next of kin to one deceased, through a next friend apply for the appointment of an administrator of the estate of the one deceased? The trial court held that such an application was proper and confirmed the appointment. We hold that the trial court did not err in so holding.

II. The administration of estates is the result of statutory enactment. Prior to the Code Revision session of 1924, the order of appointment was as follows (section 3297, Code of 1897):

"In other cases, where an executor is not appointed by will, administration will be granted:

"1. To the husband or wife of the deceased;

"2. To his next of kin;

"3. To his creditors;

"4. To any other person whom the court may select."

It was further enacted that to each of said classes, in succession, a period of twenty days, commencing with the burial of deceased, is allowed, within which to apply for administration upon the estate.

The Code Revision session (Extra Session Fortieth General Assembly) made a very material change in the statute regarding the appointment of an administrator. This legislation now appears in section 11883, Code of 1939, and is as follows:

"Administration granted. In other cases, where an executor is not appointed by will, administration shall be granted to any suitable person or persons on the request and application of:

"1. The surviving spouse.

"2. The next of kin.

"3. Creditors.

"4. Any other person showing good grounds therefor."

The section allowing to each of the named classes in suc-

cession a period of twenty days, commencing with the date of burial of deceased, in which to apply for administration, remains unchanged. Section 11884, Code of 1939.

Under the statute as changed, an applicant for administration need not seek the appointment for himself, but may apply to the court within the stated period for the appointment of any suitable person. As the statute now stands it is expressly provided that administration may be granted to any suitable person and that such appointment may be so granted on the request and application of one of the designated class. In re Estate of Rugh, 211 Iowa 722, 726, 234 N. W. 278, 279. In the cited case there was a conflict as to who should serve as administrator. The applicants who were held entitled to the appointment were nonresident aliens, one of whom was a minor. It was there claimed that such applicants, being aliens, were disqualified to act. In rejecting this claim, this court called attention to the former statute which in terms provided that that applicant, if within the proper class and during the period provided, was entitled to the appointment. In reviewing some of our holdings on that matter the court said:

"Even under the old statute [before Code revision], we tacitly recognized the validity of the appointment of a third party, where the application for such appointment was made by one of the designated classes."

In that case, where one of the applicants was a nonresident minor and an alien, the court passed upon the question only inferentially, although the appellant made the minority of such applicant a ground of resistance to such application. We call attention to this case (In re Estate of Rugh, supra) to emphasize the material change made in the old statute by the Fortieth General Assembly (Code Revision session).

No one questions the fact that Betty Lou Ansberry was the next of kin of deceased, or that the application by her grandmother as her next friend was within the period allowed the next of kin to petition for the appointment of an administrator. During that period, as next of kin her right was exclusive. The privilege of having administration was a valuable

and substantial right which belonged to her as next of kin. Her age (nine years) is urged as a barrier to her making an application for administration or to receiving such appointment. It may be conceded that she would be incompetent to act as administrator, but does it necessarily follow that a next friend cannot make the application in her behalf? At the time the application was filed asking for the appointment of an administrator, and when Fred E. Timmons was appointed, said minor had no guardian. No guardian was appointed for her until May 7, 1945, or sixteen days after Timmons had been appointed.

Rule 12 of our Rules of Civil Procedure provides that a minor may bring an action by a guardian, if he has one; otherwise he may sue by a next friend. The court does not appoint the next friend. A next friend is not a party in interest. The next friend is to aid one under legal disabilities to assert rights against another. Smith v. Dawley, 92 Iowa 312, 60 N. W. 625; Douglass v. Agne, 125 Iowa 67, 99 N. W. 550. It can hardly be denied that the right to an appointment as an administrator is something of value. Also it is a matter in which the next of kin is interested.

The Rule above mentioned states that a minor may "sue by a next friend." It would seem that under said Rule the suing and the bringing of an action are synonymous. It would seem that an application for the appointment is a special proceeding. In re Guardianship of Johnson, 87 Iowa 130, 54 N. W. 69. Code section 10938 provides:

"Every proceeding in court is an action, and is civil, special, or criminal."

Thus it would seem to follow that a petition (or application) could be filed by the next friend in the event there was no guardian. While the next friend is not appointed by the court, yet, when action is brought for and on behalf of a minor, the next friend is under the control of the court. Thurston v. Cavenor, 8 (Clarke) Iowa 155; Cavender v. Heirs of Smith, 5 (Clarke) Iowa 157–192.

While we have held that some of the Rules of Civil Procedure do not apply to probate proceedings, the statutes which

958

were superseded by Rule 12 were of general application and would have been applicable to the question now before us; hence we hold that Rule 12, being in the language of such statutes, is now applicable herein, without expressing any opinion as to the applicability of the Rules of Civil Procedure to the proceedings herein.

We will set forth a few of the holdings as to the nature, powers, and liabilities of what is termed "next friend." The term is of English origin. A next friend is said to be any person who will undertake the infant's cause. 1 Blackstone Comm., Sharswood Ed., 464. A next friend is one who in the absence of a guardian acts for the benefit of an infant. Matter of Boulware, 144 Misc. 235, 258 N. Y. Supp. 522; Crawford v. Amusement Syndicate Co., Mo., 37 S. W. 2d 581–584; Latcholia v. Texas Employers Ins. Assn., 140 Tex. 231, 167 S. W. 2d 164; Roberts v. Vaughn, 142 Tenn. 361, 219 S. W. 1034, 9 A. L. R. 1528; City Nat. Bk. & Tr. Co. v. Sewell, 300 Ill. App. 582, 21 N. E. 2d 810. A next friend is not a party to the suit he prosecutes but is like unto an officer of the court specially designated to look after the interests of the infant. He controls the suit and is liable for the costs. Sinclair v. Sinclair, 153 Eng. Reprint 268. A next friend is somewhat akin to an attorney whose duty it is to bring the rights of the infant to the notice of the court. Williams v. Cleaveland, 76 Conn. 426, 56 A. 850.

Infants, being under disability, cannot conduct their own legal proceedings and the usual custom is for them to appear either by guardian or next friend. Parkins v. Alexander, 105 Iowa 74, 74 N. W. 769; Watts v. Hicks, 119 Ark. 621, 178 S. W. 924; Biggins v. Gulf, C. & S. F. R. R. Co., Tex. Civ. App., 110 S. W. 561, affirmed 102 Tex. 417, 118 S. W. 125. A next friend is always under the control of the court and that tribunal can remove him when the best interests of the infant require this be done. Roberts v. Vaughn, supra; Thurston v. Cavenor, supra; Cavender v. Heirs of Smith, supra. In the case of Upton's Committee v. Bush, 135 Ky. 102, 113, 121 S. W. 1005, 1008, the court said: "The office of next friend in court is to represent the person under disability * * * ." "If an infant claims a right or suffers a wrong on account of which

it becomes necessary to seek a remedy in court," a next friend may proceed on behalf of said infant. Annotation 9 A. L. R. 1537. See Story Eq. Pl., section 57.

In the case of Moreland v. Lowry, 213 Iowa 1096, 241 N. W. 31, this court upheld an appointment of an administrator made by an agent or representative. In that case the application was signed "Frank S. Sutton, by John Sutton, his father."

Appellant herein relies strongly on the case In re Estate of Ferguson, 179 Iowa 1208, 1212, 162 N. W. 775, 776, wherein the court dealt with the matter of making appointment of an administrator for one deceased whose spouse was then an inmate of the state hospital for insane. We do not think the case is authority in this case. It was decided in 1917, some years before the change in the statute. There the surviving spouse, Harvey Ferguson, made the application while an inmate of the insane hospital for the appointment of another person, claiming the paramount right under the statute. In the discussion of that case the court said:

" * * * Harvey Ferguson was insane * * * legally dead. He was incompetent to discharge his own business, and unfit to be trusted with the business of others. He could not have been appointed himself because of his disability."

The court then set forth the language of Estate of O'Brien, 63 Iowa 622, 624, 19 N. W. 797, 798, as follows:

"While there are no restrictions or limitations in the statute on the right of the widow to administer on her husband's estate, yet it is quite apparent, we think, that of necessity the court has at least some discretion in such cases. For the wife may be insane, or otherwise clearly incompetent. The statute simply means that, if the wife is competent to discharge the trust, then she has paramount right to the appointment."

In the present case the next friend was acting on behalf of an infant (her grandchild) under disability; she was simply seeking to protect and promote the best interests of the ward; she was protecting a useful and valuable right which belonged to the infant as next of kin of her deceased mother. She did

not volunteer to act, or even suggest to the court the name of any person to be appointed. She simply asked for the appointment of "some appropriate person." The infant had no guardian. It seems to us that it was proper for the next friend to act as she did. Certainly no one has been prejudiced. We think it makes little difference whether the application of the next of kin by her next friend was a suit within the meaning of the Rule. Independently of such Rule, the next friend could take necessary action on behalf of the infant. That right long existed under the common law. Cavender v. Heirs of Smith, supra.

We hold that the ruling of the trial court in confirming the appointment of Fred E. Timmons, administrator, and denying the petition for his removal was correct. The case is affirmed.—Affirmed.

All JUSTICES concur.