**Jan Marie EHLINGER, by her father and next friend, Paul Ehlinger, Appellant,**

v.

**Connie (Cook) MARDORF d/b/a Cook's Inn and Pete Strang and Clara Strang d/b/a Pete's Place and Bruce Dahlem and Timothy Dolphin, Appellees.**

No. 62900.

Supreme Court of Iowa.

Nov. 14, 1979.

David Hughes, Cascade, for appellant.

William C. Fuerste of Fuerste, Carew, Coyle, Juergens & Sudmeier, Dubuque, for appellees Mardorf and Strang.

Dell A. Richard, Iowa City, for appellee Mardorf.

H. F. Reynolds of Reynolds, Kenline, Breitbach, McCarthy, Clemens, McKay & Naughton, Dubuque, for appellees Dahlem and Dolphin.

McCORMICK, Justice.

In this case of first impression we must determine whether a minor is "incapacitated" within the meaning of section 123.93, The Code 1977, the notice of claim provision of the dram shop statute. The trial court held minority is not incapacity and also upheld the statute on constitutional grounds. Summary judgment was entered for the dram shop defendants because plaintiff did not give notice of her intention to bring suit to the dram shops or their insurers within six months of her injury. We reverse on the ground that a minor is incapacitated within the meaning of the statute. We do not reach the constitutional issue.

Section 123.93 provides:

Within six months of the occurrence of an injury, the injured person shall give

written notice to the licensee or permittee or such licensee's or permittee's insurance carrier of his intention to bring an action under this section, indicating the time, place and circumstances causing the injury. Such six months period shall be extended if the injured party is incapacitated at the expiration thereof or unable, through reasonable diligence, to discover the name of the licensee, permittee, or person causing the injury or until such time as such incapacity is removed or such person has had a reasonable time to discover the name of the licensee, permittee or person causing the injury.

This provision was enacted in 1971 as part of a revision of Iowa's dram shop statutes. It did not have a counterpart in the two dram shop statutes which were repealed. *See* §§ 129.2, 123.95, The Code 1971.

The same persons have a dram shop cause of action under section 123.92, The Code 1977, as had one under repealed section 123.95 of the 1971 Code. Section 123.92 provides:

Every husband, wife, child, parent, guardian, employer or other person who shall be injured in person or property or means of support by any intoxicated person or resulting from the intoxication of any such person, shall have a right of action, severally or jointly against any licensee or permittee who shall sell or give any beer or intoxicating liquor to any such person while he is intoxicated, or serve any such person to a point where such person is intoxicated for all damages actually sustained.

Every liquor control licensee and class "B" beer permittee shall furnish proof of financial responsibility either by the existence of a liability insurance policy or by posting bond in such amount as determined by the department.

In the present case plaintiff Jan Marie Ehlinger alleged in her petition that she sustained injuries as a passenger in an automobile driven by Timothy Dolphin on August 6, 1975. She asserted the injuries occurred when Dolphin lost control of the vehicle as a result of intoxication and it left the road and overturned. She averred that Dolphin was served beer or intoxicating liquor while he was intoxicated or until he became intoxicated at Cook's Inn and Pete's Place in Cascade. Defendant Connie (Cook) Mardorf was alleged to be the licensee of Cook's Inn, and defendants Pete Strang and Clara Strang were alleged to be the licensees of Pete's Place.

Plaintiff was fifteen years old at the time of the accident. Although it is conceded her injuries did not prevent her from doing so, she did not give defendants notice of her intention to bring a dram shop action within six months of the accident. As next friend, her father Paul Ehlinger did notify them of her intention to bring a dram shop action approximately one year after the date of injury.

The dram shop defendants moved for summary judgment, alleging plaintiff's notice was untimely and the time had not been extended by incapacity. In resisting the motion, plaintiff alleged she was incapacitated within the meaning of the statute because of her minority. She also alleged a contrary interpretation of the statute would deny her due process of law under Iowa Const. art. I, §§ 1, 9, and U.S.Const. amend. 14. The trial court granted the motion, and this appeal followed.

Although plaintiff asserts the trial court erred on both statutory and constitutional grounds, we consider only the statutory ground because we find it is determinative of the case. We have long held we will not consider a constitutional question on appeal when another question is decisive. *See Dubuque & Dakota Railway v. Diehl*, 64 Iowa 635, 640, 21 N.W. 117, 120 (1884).

Under section 123.93, the six-month period for giving notice of intention to bring a dram shop action is extended "if the injured person is incapacitated at the expiration thereof . . . until such time as such incapacity is removed . . . ." The statute does not define incapacity, nor does it contain any language limiting the concept to mental or physical as opposed to legal incapacity.

We are instructed in section 123.1 that chapter 123 results from "an exercise of the police power of the state, for the protection of the welfare, health, peace, morals, and safety of the people of the state, and all its provisions shall be liberally construed for the accomplishment of that purpose . . ." We construe the dram shop statute liberally "to aid in suppressing the mischief of serving an excessive amount of liquor to a patron." *Rigby v. Eastman*, 217 N.W.2d 604, 608 (Iowa 1974).

We previously examined the meaning of incapacity under section 123.93 in relation to an allegation of incapacitation from an injury resulting in almost continuous hospitalization for the ensuing six months. In that context we said: "To claim incapacity under this section plaintiff must assert a condition which renders him incapable of doing those things reasonably necessary for a layman to commence suit. We believe this petition as finally amended pleads sufficient ultimate facts to allege incapacitation." *Harrop v. Keller*, 253 N.W.2d 588, 592 (Iowa 1977).

It is well established that an unemancipated minor is personally incapable of commencing suit: "Infants, being under disability, cannot conduct their own legal proceedings and the usual custom is for them to appear either by guardian or next friend." *In re Estate of Beghtel*, 236 Iowa 953, 958, 20 N.W.2d 421, 424 (1945). This disability is recognized in Iowa R.Civ.P. 12, which requires suits by minors to be brought by a guardian or next friend. The rule treats minority somewhat like incompetency.

Therefore plaintiff was legally barred from commencing her dram shop action personally during her minority. Consequently she was also precluded from giving defendants notice of her intention to bring the action. She could not effectively warn defendants she was going to do something she had no authority to do. Because of her minority, she was "incapable of doing those things reasonably necessary for a layman to commence suit." *See Harrop*, 253 N.W.2d at 592.

This situation is unaffected by her right to bring suit by next friend. The duty to give notice is personal to the minor. It is not shared by the minor's next friend. Under section 613A.5, which prescribes a duty to give notice of tort claims against municipalities, we explained the principle as follows:

> The statute expressly imposes upon the injured party the responsibility for the giving of the required notice. This court has said a next friend is not a party in interest and is merely one who advances the minor's cause in the absence of a guardian. [citations] We hold, therefore, no obligation rested upon Robert Sprung in his capacity as next friend of his minor son to comply with the notice requirements of section 613A.5, I.C.A.

*Sprung v. Rasmussen*, 180 N.W.2d 430, 432 (Iowa 1970). Sections 123.93 and 613A.5 are alike in giving the injured person the responsibility for giving notice. The *Sprung* principle thus applies equally under section 123.93.

A difference between section 123.93 and 613A.5 which is material in this case is in the kind of incapacity which will extend the period for giving notice of claim. Section 613A.5 requires notice of claims against municipalities to be presented within sixty days of injury unless suit is commenced within three months. Like section 123.93, it contains a provision for extending the time for notice, but the right is limited under section 613A.5 to "a reasonable period of time . . . during which the person is incapacitated *by his injury* from giving notice." (Emphasis supplied). This court upheld this provision as applied to minors when attacked on due process grounds in *Shearer v. Perry Community School District*, 236 N.W.2d 688 (Iowa 1975). *Cf. Harryman v. Hayles*, 257 N.W.2d 631 (Iowa 1977) (holding due process requires that a person incapacitated by injury must be given sixty days after termination of incapacity to give the statutory notice). The language of section 613A.5 extending the notice period only when the injured person is incapacitated "by his injury" shows the legislature knows how to limit the kind of

incapacity which will extend the time for notice. Section 123.93 contains no such limitation. Thus it is reasonable to conclude none was intended. This conclusion is consistent with our duty to construe the statute liberally.

It is also consistent with our duty to construe words "according to the context and the approved usage of the language . . . ." § 4.1(2), The Code. The context and usage suggest a person under legal disability is incapacitated within the meaning of the statute. *See* Schubert, *The Iowa Dram Shop Act—Causes of Action and Defenses*, 23 Drake L.Rev. 16, 29 (1973) ("Presumably the notice requirement would not then be applied to minors and incompetents, although it does not specifically exclude them."). Want of legal ability to act is uniformly recognized as one meaning of the term "incapacity." *See* Black's Law Dictionary 685 (5th ed. 1979) ("This expression implies that the person in view has the right vested in him, but is prevented by some impediment from exercising it; as in the case of minors . . . ."); The Random House Dictionary of the English Language 719 (Unabr. 1971); Webster's Third New International Dictionary 1141 (Unabr. 1961) ("lack of physical or intellectual power or of natural or legal qualification"). *See also* Ballantine's Law Dictionary 598 (3d ed. 1969) (incapacity to sue—"Want of capacity arising from infancy, incompetency, lack of authority, etc., as a result of which the plaintiff lacks standing to maintain the action.").

Even though the purposes of dram shop and municipal tort notice provisions are similar, the requirements of section 123.93 are substantially less restrictive than those of section 613A.5. In addition to providing a longer notice period and not qualifying the kind of incapacity which will extend the time, section 123.93 provides three alternative grounds rather than only one basis for extension. *See Shasteen v. Sojka*, 260 N.W.2d 48, 51 (Iowa 1977).

The more flexible standard of section 123.93 reflects the legislative policy of protecting the public against harm resulting from the serving of excessive alcoholic beverages to dram shop patrons. It is not unreasonable to believe the legislature particularly wished to shield minors from this harm. Moreover, a balancing of interests is involved in both notice statutes, and the public interest in protecting the municipal treasury which led to the requirements in section 613A.5 was obviously of greater legislative concern than protecting the profits of dram shop licensees and their insurers in imposing the notice requirements in section 123.93.

Some jurisdictions have held minority is a disability which extends the notice period even when incapacity is not made a statutory basis for extending it. *See City of Barnesville v. Powell*, 124 Ga.App. 132, 183 S.E.2d 55 (1971); *McDonald v. City of Spring Valley*, 285 Ill. 52, 120 N.E. 476 (1918); *Lazich v. Belanger*, 111 Mont. 48, 105 P.2d 738 (1940); *McGrary v. City of Odessa*, 482 S.W.2d 151 (Tex.1972). They do so upon reasoning that the requirement of giving notice presupposes the existence of an individual capable of giving it. We need not go so far because incapacity is made a basis for extending the notice period in section 123.93.

We hold that minority is incapacitating within the meaning of section 123.93. Therefore the dram shop notice period begins to run on the claim of an injured child only when the child comes of age or is earlier emancipated.

Because plaintiff was incapacitated from giving notice in the present case, the trial court erred in entering summary judgment against her for noncompliance with the statute. The case must be reversed and remanded for further proceedings.

REVERSED AND REMANDED.